UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., SIERRA CLUB, INC., and RESPIRATORY HEALTH ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS POWER RESOURCES, LLC and ILLINOIS POWER RESOURCES GENERATING, LLC, <br><br> Defendants. | Case No. 1-13-cv-01181 <br> Hon. Joe Billy McDade <br> Mag. Judge Schanzle-Haskins |

## MOTION FOR CLARIFICATION OF AND/OR RELIEF FROM THE COURT'S ORDER AS APPLIED TO COMMUNICATIONS WITH FORMER SIERRA CLUB DECLARANTS JOYCE BLUMENSHINE AND JOYCE HARANT

Plaintiff Sierra Club and its employee, Kady McFadden ("Movants"), hereby move the Court to 1) clarify its Order Granting in Part and Denying in Part Movants' Appeal of Magistrate Judge Schanzle-Haskins' Order Compelling Disclosure of Certain Communications (Dkt. 90) (the "Order"); or, in the alternative, 2) grant Movants relief from the Order with regard to any and all communications of now-withdrawn declarants Joyce Harant and Joyce Blumenshine.  As grounds therefor, Movants state as follows:

1. In this action brought under the Clean Air Act Citizen Suit provision, 42 U.S.C. § 7604, Plaintiff Sierra Club identified three members— Joyce Harant, Joyce Blumenshine, and David Pittman—who executed declarations describing their injuries suffered in connection with excess emissions from the coal-fired power plant that is the subject of this litigation.  These declarations were offered to support Sierra Club's allegations of standing in this matter.

2. Defendants served a subpoena on May 1, 2015 on Sierra Club staffer Kady McFadden, who has engaged in multiple communications over the relevant time period with then-standing witnesses Harant, Blumenshine, and Pittman.  On May 15, 2015, Movants moved to modify this subpoena, alleging, *inter alia,* that the scope of documents sought was overbroad and violative of the First Amendment. (Dkt. 74.)

3. On June 17, 2015, the Magistrate Judge issued a ruling partially narrowing the scope of the subpoena (Dkt. 79); and on July 1, 2015, Movants appealed that ruling to this Court (Dkt. 81). On August 17, 2015, this Court granted in part and denied in part Movants'

Appeal, and issued an order further narrowing the Magistrate Judge's order (Order, Dkt. 90.) Specifically, this court's Order required that Movants produce "unprivileged documents that contain: (1) any statement made by the Named Standing Witness concerning Edwards; and (2) any communication from McFadden to a Named Standing Witness to which the Named Standing Witness responded with a statement concerning Edwards." (Order at 15.)

4. On September 17, 2015, Plaintiff Sierra Club filed a notice with the Court advising all parties that it intends "to withdraw Joyce Blumenshine and Joyce Harant as witnesses in this litigation." (Dkt. 93.) In that notice, Sierra Club also indicated its understanding that, "[a]s a result of withdrawing these witnesses Ms. Blumenshine and Ms. Harant no longer constitute 'Standing Witnesses' as the term is used by the Court in [the Order]." (*Id.*)

5. On September 18, 2015, counsel for Defendants sent Sierra Club an email indicating their belief that the Court's order still applies to documents pertaining to Ms. Blumenshine and Ms. Harant. (Decl. of Faith E. Bugel ("Bugel Decl."), attached as Ex. A, ¶ 2.) On September 23, 2015, all parties to this litigation met and conferred in an attempt to resolve this dispute. In that conference, Sierra Club suggested a joint motion for clarification in an effort to resolve this dispute in a non-adversarial manner. (Bugel Decl. ¶ 3.) On September 25, 2015, at 12:25 pm, Defendants' counsel Frank Lyons contacted Sierra Club counsel Faith Bugel and unfortunately declined this offer, refusing to any agreed or joint motion on this issue. (Bugel Decl. ¶ 4.)

6. Movants therefore seek clarification that this Court's August 17 Order applies only to communications between McFadden and *currently*-designated "Named Standing Witnesses." Our understanding of this Court's order is that the communications with Ms. Harant and Ms. Blumenshine are only relevant insofar as those two persons will be called to testify in support of the Sierra Club's standing allegations, and Sierra Club has now formally indicated that they will not be, via the notice of withdrawal filed September 17. (Dkt. 93.) That understanding is rooted in the clear language of this Court's August 17 ruling. Specifically, the Court has acknowledged that "Judge Schanzle-Haskins's decision requiring that Movants disclose the following communications was based on his holding that standing is an essential element of the case and discovery on the Standing Witnesses' credibility is necessary." (Order at 14.) Furthermore, in ordering that the scope of disclosure of communications from Ms. McFadden be limited, the Court stated, "McFadden's credibility is not at issue." This Court thus only required disclosure of communications with Ms. McFadden to the extent they are "highly relevant to evaluating the Named Standing Witness's credibility." (Order at 13-14.) Thus, by both the Magistrate Judge's and this Court's own reasoning, the sole basis for requiring disclosure of Ms. McFadden's communications with Ms. Blumenshine and Ms. Harant—that is, to determine the credibility of active standing witnesses—was eliminated when Sierra Club indicated that it would no longer call either as witnesses in this case.

7. Because the Court's analysis focused on the credibility of standing witnesses, Movants understand the Order to apply to Ms. Harant and Ms. Blumenshine only *to the extent they*

*continued to serve as standing witnesses*.  Because Defendants have made clear their disagreement with this interpretation, Movants seek clarification on that point.

8. To the extent that this Court declines to grant such clarification, Movants request that this Court grant Movants specific relief from the Order with respect to communications with Ms. Blumenshine and Ms. Harant in light of new information available to the Court, namely the withdrawal of those persons as witnesses to support Sierra Club's standing in this matter.  It is commonly accepted that "[i]n both civil and criminal cases, a trial court is empowered to revisit any of its previous non-final rulings in the light of . . . new relevant information." *United States v. Reid*, 357 F.3d 574, 580 (6th Cir. 2004).  *See also Ex parte Lange*, 85 U.S. 163, 167 (1873) ("The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable.").  In this case, the Court is newly aware that Ms. Blumenshine and Ms. Harant will not be called as witnesses in this action, and the Court has required disclosure of their communications entirely on the basis that they were serving as standing witnesses.   It would therefore be appropriate to relieve Movants of the Order's obligations as applied to those two former witnesses, given that this Court determined in its Order that First Amendment concerns outweigh the need for discovery with respect to communications not essential to establish the credibility of standing witnesses.  (Order at 13-14.)

WHEREFORE, Movants request that this Court grant their Motion for Clarification of and/or Relief from the Court's Discovery Order.

Dated: September 25, 2015

By:  s/ Gregory E. Wannier

Gregory E. Wannier
85 2nd Street, Second Floor
San Francisco, CA 94105
(415) 977-5646
greg.wannier@sierraclub.org

By:  s/

Faith E. Bugel
1004 Mohawk
Wilmette, IL 60091
(312) 282-9119
fbugel@gmail.com

*Counsel for Plaintiff Sierra Club*

By: s/ _____

Jennifer Cassel
Justin Vickers
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
jcassel@elpc.org
jvickers@elpc.org

*Counsel for Plaintiffs Sierra Club and Respiratory Health Association*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 25, 2015, I caused as copy of the foregoing document to be served through the Court's CM/ECF system to all parties.

                      By:  s/ Gregory E. Wannier