UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNSEL, RESPIRATORY HEALTH ASSOCIATION, and SIERRA CLUB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS POWER RESOURCES, LLC, and ILLINOIS POWER RESOURCES GENERATING, LCC, <br><br> Defendants. | Case No.   13-CV-1181 |

## ORDER & OPINION

The matter before the Court is Defendants' demand for the determination of civil penalties through a trial by jury (Doc. 91). For the reasons explained below, this Court finds that Defendants are not entitled to a jury trial for the determination of civil penalties and therefore, the Court strikes Defendants' jury demand.

### BACKGROUND[1]

On July 30, 2015, Plaintiffs filed a Second Amended Complaint against Defendants for violations under the Clean Air Act and equivalent Illinois law. (Doc. 88). On August 17, 2015, Defendants filed an Answer and demanded a "trial by jury on all issues so triable." (Doc. 91). On March 2, 2017, this Court directed the parties

---

[1] For simplicity, the facts presented are limited to those pertinent to the determination of Defendants' jury demand. For a complete factual background, see this Court's Order and Opinion from August 23, 2016 on the Parties' Motions for Summary Judgment. (*See* Doc. 124).

to file supplemental briefing as to whether the determination of civil penalties is an issue triable by jury. On March 17, 2017, both Plaintiffs and Defendants concurrently filed their briefs on this issue. (Docs. 136; 137). On March 24, 2017, both Plaintiffs and Defendants filed their reply briefs. (Docs. 140; 141). Therefore, the matter is fully briefed and ready for determination.

## LEGAL STANDARDS

The Clean Air Act ("CAA") provides that any citizen may bring suit on their own behalf under the Act. The CAA citizen-suit provisions state, in relevant part, that:

> "*The district courts shall have jurisdiction*, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and *to apply any appropriate civil penalties* (except for actions under paragraph (2))."

42 U.S.C. § 7604(a) (emphasis added).

Furthermore, the CAA provides factors for the Court to consider when determining a penalty assessment under the Act. That provision states:

> "In determining the amount of any penalty to be assessed under this section or section 7604(a) of this title, the Administrator or *the court, as appropriate, shall take into consideration* (in addition to such other factors as justice may require) the size of the business, the economic impact of the penalty on the business, the violator's full compliance history and good faith efforts to comply, the duration of the violation as established by any credible evidence (including evidence other than the applicable test method), payment by the violator of penalties previously assessed for the same violation, the economic benefit of noncompliance, and the seriousness of the violation."

42 U.S.C. § 7413(e)(1) (emphasis added).

**DISCUSSION**

Defendants are not entitled to a jury determination of the civil penalties; therefore, Defendants' demand for a jury trial on the remedies is stricken. Both parties concede that the Court determines the amount of any civil penalty. (Doc. 140 at 1). However, Defendants argue that they are entitled to have a "jury decide the facts on which any civil penalty is based." (Doc. 140 at 1).

The Court finds that the Defendants are not entitled to have a jury decide the facts upon which the judge will use to determine the civil penalties for several reasons. First, the plain language of the CAA does not provide for a jury right to determine that facts upon which the civil penalties are decided. Second, the United States Supreme Court has held that the determination of civil penalties is not a fundamental element of the jury trial. Third, several United States Courts of Appeals, including the Seventh Circuit, have stated that the district courts determine the facts upon which the civil penalties are based.

First, the plain language of the CAA does not provide a jury right to the determination of the facts upon which the civil penalties are decided. Rather, the CAA provides that it is the duty of the *district court* to determine the civil penalties in an environmental enforcement action under the CAA. *See* 42 U.S.C. § 7604(a). The CAA additionally provides that it is the duty of the district court to weigh certain factors that are provided by statute, along with such other factors as justice may require, when determining the amount of civil penalties to be assessed under the Act. *See* 42 U.S.C. § 7413(e)(1). Nowhere within the relevant sections of the CAA does the language provide that it is the function of a jury to determine appropriate civil

penalties for violations of the CAA. Additionally, nowhere in § 7413(e)(1) does the language of the CAA provide that it is the function of a jury to determine the applicable facts the district court should use when determining the civil penalties. The Defendants' argument that the facts for the district court's determination of civil penalties must be decided by a jury is not supported by the text of the CAA.

Secondly, the Supreme Court has found that the determination of civil penalties is not an essential function of a jury trial. *See Tull v. United States*, 481 U.S. 412 (1987)[2]. In *Tull*, the Supreme Court held that "a determination of a civil penalty is not an essential function of a jury trial, and that the Seventh Amendment does not require a jury trial for that purpose in a civil action." *Id*. at 427. The Supreme Court further found that:

> "Congress' assignment of the determination of the amount of civil penalties to trial judges therefore does not infringe on the constitutional right to a jury trial. Since Congress itself may fix the civil penalties, it may delegate that determination to trial judges. In this case, highly discretionary calculations that take into account multiple factors are necessary in order to set civil penalties under the Clean Water Act. These are the kinds of calculations traditionally performed by judges."

*Id*. at 426-27.

---

[2] In *Tull*, the Supreme Court interpreted the Clean Water Act ("CWA"). The parties agree that the CAA is virtually identical to the Clean Water Act and courts have treated each statute's civil penalties provisions in a similar manner when engaging in interpretation. *Cf.* 42 U.S.C. § 7413(e)(1) *with* 33 U.S.C. § 1319(d); *see also Pound v. Airosol Co.*, 498 F.3d 1089, 1094 n.2 (10th Cir. 2007) ("The penalty provisions of the CAA and the Clean Water Act (CWA) are virtually identical; thus, CWA cases are instructive in analyzing issues arising from the CAA"); *United States v. Dell'Aquilla*, 150 F.3d 329, 338 n.9 (3d Cir. 1998) ("[T]he Clean Water Act and the Clean Air Act are *in pari materia*, and courts often rely upon interpretations of the Clean Water Act to assist with an analysis under the Clean Air Act.") (citations omitted).

Additionally, the Supreme Court found from the legislative history that it was Congress's intent that trial judges perform "highly discretionary calculations" to determine appropriate civil penalties. *Id.* at 425.³ Therefore, the Court found that the parties were not entitled to a jury trial on the determination of the civil penalties.

Defendants attempt to overcome the holding in *Tull* by citing *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). Defendants argue that *Feltner* characterized *Tull* as dicta. (Doc. 136 at 3-4). Furthermore, Defendants argue that the Supreme Court distinguished *Feltner* by finding that "[i]n *Tull* . . . [the Supreme Court was] presented with no evidence that juries historically had determined the amount of civil penalties to be paid to the Government." (Doc. 136 at 3-4) (citing *Feltner* at 355)).

Their argument is unpersuasive. *Feltner* is distinguishable from *Tull* because the Supreme Court found that the determination of liability and damages had historically belonged to the jury on the issue of copyright infringement under the

---

³ The legislative history of the CAA also demonstrates that Congress intended for the CAA's penalty assessment to operate in a similar manner as the Clean Water Act. The CAA's penalty assessment criteria "[is] intended to be applied in the same manner under this Act as the similar criteria that were added to the Clean Water Act in 1987. " *See* Chafee-Baucus Statement of Senate Managers, 136 Cong. Rec. S16,952 (daily ed. Oct. 27, 1990); *see also Clean Air Act Amendments (Part 3): Hearings before the Subcomm. on Health and the Env't. of the Comm. on Energy and Commerce*, 101st Cong. No. 101-116, 867 (1990) (Bush Admin. Report) ("This clarifies existing law by providing a specific list of factors to be considered in assessing penalties. The list is identical to the factors used by the court under other environmental statutes"); *Id.* at 874 ("Section 609(a) & (c) amends CAA Section 304 to authorize courts to assess civil penalties in citizen suits, as in the Clean Water Act. . . These amendments are necessary to make citizen suits a more useful enforcement tool and to conform the CAA to other major environmental statutes.").

5

Copyright Act. *Id.* at 347-55. However, as explained in *Tull*, there is no such evidence that juries had historically determined civil penalties.

Furthermore, *Feltner* does not support the proposition that the jury determines the facts on which the district court will rely when determining the amount of civil penalties. The holding in *Tull* is most closely analogous to this issue and the Supreme Court did not overrule it in *Feltner,* nor can its holding overcome it. Therefore, the Supreme Court's holding in *Tull* is controlling here.

Defendants also argue the position that it is the function of a jury to decide the facts upon which the Court will determine the civil penalties by citing to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). Defendants assert that *Markman* supports their argument that further findings of fact must be done by the jury for the Court's consideration when determining the amount of civil penalties. (Doc. 136 at 4-5).

Contrary to the Defendants' assertion, the Court finds that *Markman,* as applied with *Tull*, requires the Court to reach the opposite conclusion. The Supreme Court stated in *Markman* that the determination of whether a particular issue is for the jury to decide "must depend on whether the jury must shoulder this responsibility *as necessary to preserve the 'substance of the common-law right of trial by jury*.'" *Markman* at 377 (citing *Tull* at 426) (emphasis in original). The particular issue here is whether there is a common-law jury trial right to determine civil penalties. The Supreme Court has clearly answered that question in *Tull* by holding that there is no common-law right to a jury trial on the determination of civil penalties. *Tull* at 427.

6

Therefore, the jury does not need to shoulder the fact-finding determination because there is no common-law jury trial right for determining civil penalties.

Third, the United States Court of Appeals for the Seventh Circuit, as well as other circuits, have consistently held that under the CAA, it is within the discretion of the district court to determine civil penalties.

While the United States Court of Appeals for the Seventh Circuit has not explicitly addressed this issue, it has implicitly held that district courts are the appropriate fact finders by holding that a "[district court's] findings of fact in support of a [§ 7413] penalty are reviewed for clear error." *See Sierra Club v. Khanjee Holding (US) Inc.*, 655 F.3d 699, 707 (7th Cir. 2011) (citing *Pound v. Airosol Co., Inc.*, 498 F.3d 1089, 1094 (10th Cir. 2007)). Courts in several other circuits have also held that it is within the discretion of the district court to engage in fact-finding to determine civil penalties. *See Pound*, 498 F.3d at 1094 ("We will uphold a district court's findings of fact in support of a CAA penalty unless the findings are clearly erroneous."); *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 525 (5th Cir. 2016) ("[U]nderlying factual findings are reviewed only for clear error."); *see also United States v. Smithfield Foods, Inc.*, 191 F.3d 516, 526 (4th Cir. 1999) (applying the "clear error" standard of review for fact-finding by the district court in a Clean Water Act penalty assessment); *Catskill Mts. Chapter of Trout Unlimited, Inc. v. N.Y.C.*, 451 F.3d 77, 87 (2d Cir. 2006) (applying the "clear error" standard of review for fact-finding by the district court in a Clean Water Act penalty assessment). These holdings clearly instruct that it is for this Court to not only determine the *amount* of

7

civil penalties, but also to determine the *relevant facts* it is required to consider under § 7413(e)(1) and what weight it will give the listed factors.

The Court's determination of facts for the civil penalties is appropriate for several additional reasons. First, fact-finding and application of those facts to determine appropriate civil penalties is not an unusual task for this Court to perform. "These are the kinds of calculations traditionally performed by judges." *Tull*, 481 U.S. at 427. Second, determination of the facts by the jury would impose on the "highly discretionary" calculations given to the Court when weighing the factors listed in 42 U.S.C. § 7413(e)(1). If a jury were to determine the facts that the Court may consider when determining civil penalties, it would either go too far into the Court's delegated authority or would not go far enough, which would render the jury's fact-finding useless. It becomes a near-impossible task to assign questions of fact to a jury that would not intrude into the Court's discretion when weighing the listed factors, in addition to "such other factors as justice may require." Finally, Congress necessarily delegated this fact-finding authority to the Court through the CAA by not affirmatively giving it to the jury in the text of the statute. If it was Congress's intent for the jury to decide the facts the Court may consider when weighing the factors listed, it would have specifically given a jury that role within the text of the CAA. However, it is clear this was not Congress's intent when it delegated authority to the Court to weigh the listed factors.

Therefore, the Defendants' argument that a jury must determine the facts that the district court may consider when determining civil penalties is unsupported and this Court is not persuaded by Defendants' argument.

## CONCLUSION

For these reasons, the Court finds that Defendants are not entitled to a jury trial on the determination of civil penalties. Thus, Defendants' demand for a jury trial on this issue is stricken. IT IS SO ORDERED.

Entered this _18th__ day of July, 2017.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge