E-FILED
Wednesday, 06 December, 2017  11:04:36 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.; RESPIRATORY HEALTH ASSOCIATION; and SIERRA CLUB, INC., | |
| Plaintiffs, | Case No. 13-cv-01181 United States District Judge |
| v. | Joe Billy McDade |
| ILLINOIS POWER RESOURCES GENERATING, LLC, | Magistrate Judge Thomas P. Schanzle-Haskins III |
| Defendant. | |

**MOTION TO COMPEL ADDITIONAL DEPOSITION TIME AND COSTS
IN RESPONSE TO IMPROPER AND OBSTRUCTIVE OBJECTIONS;
EXPEDITED RULING REQUESTED**

Federal Rule of Civil Procedure 30(c)(2) says deposition "objection[s] must be stated concisely in a nonargumentative and nonsuggestive manner," and sharply limits the circumstances under which a defending lawyer may instruct a witness not to answer or interrupt a deposition. Fed. R. Civ. P. 30(c)(2). Over the course of the three depositions he has defended so far in the remedy phase of this case, one of defendant Illinois Power Resources Generating's (IPRG's) lawyers has violated Rule 30(c) by making numerous long, meritless, and/or suggestive speaking objections and by overtly instructing the witness to answer without asserting a privilege. Most recently, this behavior obstructed the full-day individual deposition of Plant Manager Ted Lindenbusch that this Court addressed in its last discovery order. *See* Nov. 21 Order Denying IPRG Mot. for Protective Order, ECF No. 158, at 3-4. Plaintiffs are scheduled to depose several more IPRG witnesses in coming weeks, starting tomorrow, and want the obstructions to end.

To remedy IPRG's and its counsel's Rule 30 violations, Plaintiffs move for an order pursuant to Rules 30(d) and 37 (1) directing IPRG to make Mr. Lindenbusch available for an additional half day (3.5 hours) of individual testimony, no later than December 19, in Chicago;[1] (2) directing IPRG or its counsel to pay Plaintiffs $2130 for their expected court reporting costs for the additional deposition, and for the incremental cost they incurred to obtain a rush transcript they needed for this motion;[2] and (3) ordering IPRG's counsel to refrain from improper objections and comments like those detailed below during future depositions.

Plaintiffs requested an expedited ruling because they are concerned that defense counsel will try to obstruct testimony at depositions Plaintiffs are scheduled to take tomorrow, early next week, and the following week. *See* Kyle Decl. ¶ 5. Plaintiffs also want to ensure that, if the Court grants their request for more time to question Mr. Lindenbusch as an individual witness, they can do so without further delaying fact discovery. *Id*. ¶¶ 5-6; *see also* Pls.' Nov. 20 Opp. to Mot. for Protective Order, ECF No. 156, 9-10 (discussing other delays over the past few months). Plaintiffs expect Mr. Lindenbusch's testimony to inform most, if not all, of their initial expert reports on remedy, and he has been a particularly difficult witness to schedule. *See* Kyle Decl. ¶¶ 6-12, 14; Nov. 20 Kyle Decl. in Opp. to Mot for Protective Order, ECF No. 156-1 ¶¶ 6-8; Pls' Nov. 20, Opp. to Mot. for Protective Order, ECF No. 156, 7-8.

Plaintiffs' counsel tried to cure the obstructionist behavior described in this motion and for which they now seek additional time and costs by raising it directly with defense counsel,

---

[1] In the alternative, if IPRG insists on Peoria, Plaintiffs request that the Court order IPRG or its counsel pay an additional $358, to cover counsel's typical travel costs from Chicago. Dec. 6, 2017 Decl. of Selena Kyle in Supp. of Mot. to Compel ("Kyle Decl.") ¶ 2.

[2] *See id*. ¶¶ 3-4. Plaintiffs' counsel received the final transcript from the November 30 Lindenbusch deposition today. *Id*. ¶ 4. They are filing it and final transcripts for the two November 16 depositions also referenced in this motion as Exhibits A-C (under seal) to the December 6, 2017 Declaration of Ian Fisher ("Fisher Decl.").

when it happened. *See* Fisher Decl. ¶ 13 (citing Ex. A, Nov. 30 Lindenbusch Tr.). After their efforts failed, Plaintiffs prepared this motion. *See White v. Hodge*, 3:13-CV-1212-NJR-DGW, 2017 WL 2640260, at *2 n.2 (S.D. Ill. May 19, 2017), *report and recommendation adopted sub nom.*, *White v. Baylor*, No. 3:13-CV-1212-NJR-DGW, 2017 WL 2633190 (S.D. Ill. June 19, 2017) (deeming movant's Rule 37 meet and confer obligations satisfied where movant attempted to resolve the issue at deposition and opposing party's "contumacious conduct . . . would have rendered further negotiations pointless").

## FACTS

### I.     IPRG's obstruction of the November 30 Lindenbusch individual deposition

Plaintiffs took the individual deposition of Ted Lindenbusch this past Thursday, November 30, in Peoria. Mr. Lindenbusch is the manager of the plant whose illegal coal-ash pollution this case seeks to remedy and a key defense witness on both technical and financial issues. *See* Pls.' Nov. 20 Opp. to Mot. for Protective Order, ECF No. 156, at 2, 7-8. Selena Kyle questioned Mr. Lindenbusch for Plaintiffs, and Barry Hyman defended him for IPRG. *See generally* Fisher Decl. Ex. A (Nov. 30 Lindenbusch Tr.).[3] Defense counsel started interfering with testimony during basic background questioning of the witness, Fisher Decl. ¶ 6, and continued throughout the deposition, even though Plaintiffs' counsel asked him to stop. *Id.* ¶ 13; *see also id.* ¶¶ 6-12 (summarizing kinds and excerpting examples of improper objections, questions, and comments defense counsel made).

Defense counsel's objections, questions, and comments account for more than 10% of the total lines in the final Lindenbusch transcript that reflect questioning time (as opposed to exhibit marking, breaks, and off-record discussions). *Id.* ¶ 4. Another 2% of the lines reflect time

---

[3] Francis Lyons also attended for IPRG, but did not defend. Fisher Decl. ¶¶ 2-3.

Plaintiffs' counsel was forced to spend responding to improper objections, questions and comments by defense counsel (including by repeating, rephrasing, or having read back questions that had been interrupted by long speaking objections or colloquies). *Id.*

Defense counsel used the words "objection" and "objection(s)" 241 times during the deposition. *Id.* ¶ 5. He made many "asked and answered" objections and repeatedly suggested that the witness need not answer the associated questions and that Plaintiff's counsel's only option was to have the transcript read back. *Id.* ¶¶ 7-8 (counts and sample transcript excerpts). He once expressly told the witness he didn't "need to answer" without asserting a privilege. *Id.* ¶ 8 (excerpt). He also cut off testimony to say "don't guess." *Id.* ¶ 6 (excerpt). Defense counsel asserted that a question was "vague" and/or "ambiguous" at least 66 times. *Id.* ¶ 9 (counts and sample excerpts). Even though this was a discovery deposition, defense counsel made 111 "foundation" objections (including in response to questions patently seeking foundational testimony), and many hearsay and relevance objections. *Id.* ¶ 10 (counts and examples).

Plaintiffs' counsel confronted defense counsel about his speaking objections and other improper comments and questions several times, cited Rule 30(c), and warned that Plaintiffs might have to seek more time with the witness because counsel was impeding the deposition. *Id.* ¶ 13. Where possible, Plaintiffs' counsel suggested an alternative approach that would have lessened the time and interruptions associated with objections, while preserving their substance. For example, after defense counsel made repetitive objections to questions on an exhibit, Plaintiffs' counsel offered him a standing objection on that exhibit. *Id.* ¶ 11 (excerpt). Defense counsel declined that offer and a later similar one and kept speaking. *Id.* ¶¶ 11-12.

## II.      IPRG's obstruction of earlier depositions

Defense counsel's behavior during the Lindenbusch deposition followed a pattern he established when defending the depositions of Christopher Robinson, who gave back-to-back depositions as an IPRG Rule 30(b)(6) designee and individual witness on November 16. *See generally* Fisher Decl. ¶¶ 14-17 (objection counts and illustrative excerpt) & Exs. B-C (transcripts). As during the November 30 Lindenbusch deposition, counsel improperly disrupted Plaintiffs' questioning with verbose and/or meritless objections.[4] A *quarter* of the questioning space in the 30(b)(6) transcript is consumed by defense counsel's objections, questions, and comments and by Plaintiff's counsel's responses to those objections, questions, and comments (as opposed to questions of or answers from the witness). Fisher Decl. ¶ 14.

## ARGUMENT

IPRG's counsel's conduct illustrates why Rule 30 requires deposition objections to be "stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). As the Advisory Committee's notes explain, the Rule responds to concerns that "[d]epositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond." Fed. R. Civ. P. 30 advisory committee's note (1993 amdts., subdiv. (d)). "The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct." *Id.* Depositions are supposed to "determine what the witness saw, heard, knew or thought through a question and answer

---

[4] In addition to the kinds of improper objections discussed in the context of Mr. Lindenbusch's individual deposition, counsel interrupted lines of questions he characterized as beyond the scope of the 30(b)(6) topic. *See id.* ¶ 15 (excerpt). Defense counsel behaved this way even though this Court has addressed this precise situation in a published opinion, and ruled that the witness may simply answer questions beyond the scope of a 30(b)(6) topic in his individual capacity, without any "formalistic division between the two depositions." *First Fin. Bank, N.A. v. Bauknecht*, No. 12–cv–1509, 2014 WL 949640, at *3 (C.D. Ill. March 11, 2014) (McDade, J.).

conversation between the deposing lawyer and the witness," and "[f]requent and suggestive objections can completely frustrate that objective." *Alford v. Aaron Rents, Inc.*, No. 3:08-cv-683 MJR-DGW, 2010 WL 2765260, at *13 (S.D. Ill. May 17, 2010) (internal citations and quotation marks omitted).

It follows that interruptions by the defending lawyer generally should "be prohibited at depositions, since [they] tend[] to obstruct the taking of the witness's testimony." *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 530 (E.D. Pa. 1993). And "[i]t should go without saying that lawyers are strictly prohibited from making any comments, either on or off the record, which might suggest or limit a witness's answer to an unobjectionable question." *Id.* at 531; *see also Alford*, 2010 WL 2765260, at *13 (ordering deposition reopened in response to conduct including "a variety of 'speaking objections' [by defending counsel] that suggested, or at least were interpreted by her client to be, instructions on how to answer a question."). "The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record." *Hall*, 150 F.R.D. at 528.

In addition to consuming and fragmenting Plaintiffs' questioning time with unwarranted and unnecessarily long or cumulative objections, IPRG's counsel repeatedly employed many of the specific code words or phrases that courts have identified as coaching.

For example, counsel made many "asked and answered objections" and interrupted the witness's testimony to tell him "don't guess." *Supra* Facts I; Fisher Decl. ¶¶ 6-8, 10 (rough counts and transcript excerpts). This was improper. *Mazzeo v. Gibbons*, 08-cv-01387, 2010 WL 3020021, at *2 (D. Nev. July 27, 2010) ("[S]peaking objections such as 'don't guess,' 'you've answered the question,' and 'do you understand the question' are designed to coach the witness

and are improper"); *cf. Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 WL 28071, at *4-5 (D. Kan. Jan. 5, 2012) (noting that "[i]nstructions to a witness that they may answer a question 'if they know' or 'if they understand the question' are raw, unmitigated coaching"). So were counsel's 111 "foundation" objections. *See Serrano*, 2012 WL 28071, at *4 (foundation objections are unnecessary at deposition and thus tend to function as improper coaching objections); *supra* Facts I; Fisher Decl. ¶ 10. So were his 66 comments that questions were "vague" and/or "ambiguous." *Mazzeo*, 2010 WL 3020021, at *2 (noting that "counsel's interjection that he or she does not understand the question is not a proper objection," and that "if a witness needs clarification of a question, the witness may ask for the clarification."); *cf. Serrano*, 2012 WL 28071, at *5 ("An objection that a question is 'vague' is usually . . . a speaking objection disguised as a form objection.").

These and similar suggestive remarks and interruptions by defense counsel not only consumed valuable questioning time and impeded normal dialogue with the witness, but repeatedly appeared to influence the specific answers the witness gave (or did not give) Plaintiffs' counsel. *See generally* Fisher Decl. ¶¶ 6-10 (transcript excerpts).

In addition to using speaking objections to fragment and suggest testimony, defense counsel once expressly told the witness he did not have to answer a deposition question— without asserting privilege. *Id.* ¶ 8 (transcript excerpt, emphasis added) ("Don't -- you don't need to answer that"). This was a blatant Rule 30 violation. *LM Ins. Corp. v. ACEO, Inc.*, 275 F.R.D. 490, 490-91 (N.D. Ill. 2011) ("Overt instructions to a witness not to answer a question are improper absent a claim of privilege[.]") (citing *Redwood v. Dobson*, 476 F.3d 462, 468 (7th Cir. 2007)); *see also NDK Crystal, Inc. v. Nipponkoa Ins. Co., Ltd.*, No. 10 C 1824, 2011 WL 43093,

at *3-4 (N.D. Ill. Jan. 4, 2011).[5]

## REQUESTED RELIEF

Rule 30 authorizes this Court to "impose an appropriate sanction—including the reasonable expenses . . . incurred by any party—on a person who impedes, delays, or frustrates the fair examination of [a] deponent." Fed. R. Civ. P. 30(d)(2). Rule 30 also says this Court "must allow" more than the normal one day for a deposition "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). This Court may also compel improperly withheld deposition testimony and impose sanctions under Rule 37. Fed. R. Civ. P. 37(a)(3)(B)(ii), (4), (5).

Plaintiffs request the following relief for the Rule 30 violations described here:

1.     An order compelling IPRG to make Mr. Lindenbusch available for an additional half day (3.5 hours) of individual deposition testimony in Chicago, as soon as possible and no later than December 19.

a.     Plaintiffs understand that this additional half day probably represents more time than defense counsel's improper objections and comments and Plaintiffs' counsel's responses actually consumed on November 30. It is an appropriate remedy for defense counsel's behavior because, as explained above, another problem with the behavior was that it suggested what answers the witness should give (or not give, or not remember) on important issues.

---

[5] For example, claims that a witness is being harassed by argumentative or repetitive questions do not justify cutting off testimony, unless counsel intends to file a Rule 30(d)(4) motion (and promptly does). Rule 30(d) "specifies how harassment is to be handled. Counsel for the witness may halt the deposition and apply for a protective order, see Rule 30(d)(4), but must not instruct the witness to remain silent." *Dobson*, 476 F.3d at 467-68. Because Rule 30(d) prohibits only bad-faith or unreasonably annoying or embarrassing questioning, the bar for a proper 30(d) motion is high. *See NDK Crystal*, 2011 WL 43093, at *3-4

Plaintiffs need a fair chance to revisit those issues in an uncoached follow-up deposition.

        b.     Plaintiffs request a December 19 deadline to avoid further and unwarranted delays in the discovery schedule. Recent discussions between the parties about another deposition indicate that IPRG can meet this deadline without unduly disrupting either the witness's or counsel's schedules.[6] December 21 is the latest date on which the parties have agreed (subject to any needed Court approval) to take a fact deposition (of IPRG's designee on 30(b)(6) topics 1 and 6, who is also Mr. Lindenbusch). Kyle Decl. ¶¶ 5, 13.

        c.     Plaintiffs request that the deposition be held in Chicago because most of their counsel are Chicago-based (as are IPRG's). If IPRG insists on Peoria, Plaintiffs request that the Court order IPRG (or its counsel) to pay them $358, in addition to the reporter-related costs listed below, to cover their estimated usual travel costs for a Peoria deposition. *Id.* ¶ 2.

    2.     An order compelling IPRG or its counsel to pay Plaintiffs $2,130 for the following reporting costs attributable to defense counsel's Rule 30 violations:

        a.     The estimated extra $520 Plaintiffs' counsel paid to order the rush final transcript of Mr. Lindenbusch's November 30 deposition they needed for this motion, and would not otherwise have ordered. *Id.* ¶ 4.

        b.     An additional $1610 to cover the estimated cost of a next-day rush final transcript for the requested follow-up half-day individual deposition of Mr. Lindenbusch. *Id*. Plaintiffs' counsel will need this rush transcript to minimize delays in providing relevant testimony from the follow-up deposition (which had November 30 deposition not been

---

[6] Defense counsel represented, during a November 30 meeting about rescheduling Mr. Lindenbusch's depositions as an IPRG 30(b)(6) designee, that IPRG could make him available for deposition on December 19 in Chicago. Kyle Decl. ¶ 10. IPRG has since advised Plaintiffs' counsel that one its counsel is unavailable on that date. It has not, however, claimed that the date presents a conflict for either the witness or all other defense counsel. *Id.* ¶ 12.

obstructed, should have been available via a regular-speed final transcript by mid-December, *see id*. ¶ 3) to their remedy experts. Plaintiffs expect Mr. Lindenbusch's testimony to inform most, if not all, of their initial expert reports on remedy. *Id.* ¶ 14; *supra* 2.

3.    An order directing IPRG to refrain from making speaking objections and other improper comments like those described in this motion during future depositions.

These are standard remedies for the kind of behavior described in this motion. *See, e.g.*, *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 13-CV-01316-JMS-TAB, 2015 WL 4458903, at *5 (S.D. Ind. July 21, 2015) (granting an extra four hours to depose a witness, and cautioning counsel to avoid further disruptive and meritless objections, after counsel "impeded efficient use of the [original] presumptive seven-hour deposition" with numerous objections, including "lengthy speaking objections" and many meritless objections); *Alford*, 2010 WL 2765260, at *14 (extending and reopening depositions and warning counsel that "any witness coaching, speaking objections, uncivil behavior, interruptions of witness, or efforts to delay either deposition will result in sanctions"); *Specht v. Google, Inc.*, 268 F.R.D. 596, 603 (N.D. Ill. 2010) (ordering remedies including a follow-up deposition, with all costs to be paid by defending counsel, in response to counsel's "repeated, blatant violations of Rule 30(c)(2), particularly extensive speaking objections and inappropriate instructions to the witness not to answer questions.").

## CONCLUSION

The motion should be granted.

Respectfully submitted December 6, 2017,

s/ *Selena Kyle*
Natural Resources Defense Council
Selena Kyle (IL Bar No. 6311573)
20 North Wacker Drive, Suite 1600

Chicago, IL 60606
(312) 651-7906
skyle@nrdc.org
Claire Woods (by leave, CA Bar No. 282348)
Ann Alexander (IL Bar No. 6278919)
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6143
cwoods@nrdc.org
(415) 875-6190
aalexander@nrdc.org

*Counsel for Plaintiff Natural Resources Defense
Council*

s/ *Jeffrey Hammons*
Jeffrey Hammons (IL Bar No. 6324007)
Justin Vickers (IL Bar No. 6305129)
Scott Strand (MN Bar No. 147151)
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
jhammons@elpc.org
jvickers@elpc.org

Scott Strand (MN Bar No. 147151)
Environmental Law & Policy Center
15 South Fifth Street, Suite 500
Minneapolis, MN 55402
(312) 673-6500
sstrand@elpc.org

*Counsel for Plaintiffs Sierra Club and Respiratory
Health Association*

s/ *Faith E. Bugel*
Faith E. Bugel (IL Bar No. 6255685)
Attorney at Law
1004 Mohawk Road
Wilmette, IL 60091
(312) 282-9119
fbugel@gmail.com

Gregory E. Wannier (CA Bar No. 275349)
Sierra Club

11

2101 Webster Street, Suite 1300
Oakland, CA 94110
(415) 977-5646
greg.wannier@sierraclub.org

*Counsel for Plaintiff Sierra Club*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2017, I caused the following to be served all parties' counsel via the Court's CM/ECF system. Exhibits A-C to the Exhibits of Ian Fisher are being filed under seal and served via email, as set forth in the certificate of service accompanying the motion to file under seal.

**MOTION TO COMPEL ADDITIONAL DEPOSITION TIME AND COSTS IN RESPONSE TO IMPROPER AND OBSTRUCTIVE OBJECTIONS (EXPEDITED RULING REQUESTED)**

**DECLARATION OF SELENA KYLE**

**DECLARATION OF IAN FISHER**

_s/ Selena Kyle_
Selena Kyle