IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.; RESPIRATORY HEALTH ASSOCIATION; AND SIERRA CLUB, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 13-cv-1181 |
| ILLINOIS POWER RESOURCES GENERATING, LLC, | ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Motion to Compel Production of Communications between Defendant's Testifying Experts and their Staff (d/e 177) (Motion). Plaintiffs ask the Court to compel Defendant Illinois Power Resources Generating, LLC (Illinois Power or IPRG) "to produce documents reflecting communications each of its testifying experts had with his/her employees, staff, and /or assistants regarding his/her study or testimony for the remedy phase of this case (hereafter expert-staff communications)." For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

BACKGROUND

The District Court found Illinois Power liable for violations of the Clean Air Act because the smoke stack emissions from the Edwards Power Plant (Plant) exceeded the limits on opacity caused by particulate material in the emissions. Opinion and Order entered August 23, 2016 (d/e 124), at 49. The matter is set for a trial on remedies on March 4, 2019. Text Order entered December 14, 2017. The parties are engaged in discovery for the remedy phase of the matter.

On May 15, 2018, the Plaintiffs served notices of depositions duces tecum for each of Illinois Power's testifying experts (Notices). The Notices directed the experts to produce documents, including all communications with anyone other than Illinois Power's attorneys concerning the expert's opinions prepared for this case, which would include expert-staff communications. See Motion, Exhibits A and B, Notices for Illinois Power Experts Robert M. Lewis and Tony Schroeder, Exhibit A, ¶2. Illinois Power objected and asserted the work product privilege for expert-staff communications. See Motion, Exhibits C-I, Defendant's Objections to Notices and Correspondence Between Counsel. Plaintiffs now move to compel production of expert-staff communications with respect to Illinois Power experts Robert M. Lewis and Tony Schroeder. Plaintiffs ask the

Court to order similar production of expert-staff communications in its responses to Notices for Illinois Power's other testifying experts Dr. Anne Smith, Dr. Lucy Fraiser, Mr. Thomas Keeler, and Mr. Ed Cichanowicz.

ANALYSIS

The Federal Rules of Civil Procedure prescribe the limits of discovery from testifying experts:

> **(4)** *Trial Preparation: Experts.*
>
> > **(A)** *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.
> >
> > **(B)** *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
> >
> > **(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
> >
> > > **(i)** relate to compensation for the expert's study or testimony;

> **(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> **(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(A)-(C) (emphasis in the original). Rules 26(b)(4)(B) and (b)(4)(C) provide protection from discovery under the work product privilege embodied in Rule 26(b)(3) for certain information: drafts of reports and communications with counsel subject to the three exceptions in Rule 26(b)(4)(i)-(iii). Rule 26(b)(3) protects documents covered by the work product privilege from discovery unless the requesting party shows a substantial need for the information to prepare its case and cannot, without undue hardship, obtain equivalent information by other means. Fed. R. Civ. P. 26(b)(3)(A).

Rule 26(b) was amended in 2010 to add work product privilege protections of draft reports and testifying expert communications with attorneys. The change allows attorneys to interact with experts more freely in order to prepare the case. Prior to the change, all documents provided to testifying experts were discoverable, even documents that would have otherwise been protected as attorney work product. See Republic of Ecuador v. McKay, 742 F.3d 860, 869 (9th Cir. 2014). Prior to the

amendment, attorneys limited their contact with testifying experts to avoid disclosure of confidential information.  Attorneys often hired separate, non-testifying experts as consultants, thereby increasing litigation expenses.  The 2010 amendment sought to eliminate these added expenses and allow attorneys to use testifying experts more efficiently.  See Id., at 869-70.

The 2010 Amendment does not provide a blanket work product privilege for all documents generated by testifying experts.  Rule 26(b)(4)(B)-(C) still allows the opposing side to discover sufficient information to prepare its case:

> [T]he [Advisory] Committee sought to balance the competing policy considerations, including the need to provide an adversary with sufficient information to engage in meaningful cross-examination and prepare a rebuttal, on the one hand, and the need to protect the attorney's zone of privacy to efficiently prepare a case for trial without incurring the undue expense of engaging multiple experts, on the other.

Republic of Ecuador, 742 F.3d at 870-71.  The Rule strikes the balance by limiting work product protection to draft reports and communications with counsel.  The term "draft report" includes any type of draft in any form.  The term may include drafts of materials, such as charts, graphs, tables, etc., incorporated into the report.  See Davita Healthcare Partners, Inc. v. United States, 128 Fed. Cl. 584, 590-91 (Ct. Cl. 2016).  The Advisory Committee states that the protection of attorney-expert communications extends to

attorney communications with the expert's staff.  Fed. R. Civ. P. 26(b)(4), <u>Advisory Committee Notes to the 2010 Amendments (Advisory Committee Notes)</u>.

The Advisory Committee further states that the scope of documents covered as drafts or attorney communications "do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions."  For example, that notes of results from relevant tests conducted by the expert's staff members would not be protected.  Also, "[I]nquiry about communications the expert had with anyone other than the party's counsel about the opinions expressed is unaffected by the rule."  <u>Id.</u>

In light of the language of Rule 26(b)(4) and the Advisory Committee Notes, the Court concludes that expert-staff communications sought by Plaintiffs in this case should not be subject to a blanket work product privilege.  The expert does not get blanket protection by the rule, so neither should the staff member.  The expert must produce notes of test results and other such documentation that underlies his or her expert opinions.  The staff member's communication of such notes to the expert should not convert those notes into work product.  The expert's communication with third parties are not protected.  The expert's staff member's

communications of the substance of such third-party conversations to the expert should not convert the communications into work product.

Rather, the Rule 26(b)(4)(B)-(C) privilege extends to expert-staff communications that constitute drafts of the expert report, or portions thereof; and expert-staff communications that would reveal the mental impressions, conclusions, or legal theories of the party's attorneys that do not fit into the three exceptions set forth in Rule 26(b)(4)(C)(i)-(iii).  The language of the Rule protects drafts and attorney-expert communications from discovery to allow attorneys to consult with testifying experts.  The purpose of the rule is to allow effective communication and consultation with the expert and to protect the mental impressions, conclusions, or legal theories of the party's attorneys.  The Advisory Committee Notes state that staff communications with attorneys should also be protected.  The Advisory Committee thereby acknowledges that the expert and the attorney both need to communicate in a confidential manner with the expert's staff.  <u>See</u> <u>Advisory Committee Notes</u>.  Expert-staff communications that would reveal the substance of protected communications with attorneys, therefore, should also be protected.

One Court decided that the testifying expert work product privilege in Rule 26(b)(4) covers all expert-staff communications.  <u>In re Application of</u>

Republic of Ecuador, 280 F.R.D. 506, 514 (N.D. Cal. 2012).  The Ninth Circuit affirmed this decision, but did not reach this specific issue.  Republic of Ecuador, 742 F.3d at 871.  This Court respectfully declines to follow this one aspect of the In re Application of Republic of Ecuador decision.  For the reasons stated above, expert-staff communications are not subject to a blanket work product protection.

    Illinois Power is directed to produce responsive, non-privileged documents containing expert-staff communications with respect to Illinois Power experts Robert M. Lewis and Tony Schroeder by July 31, 2018, in a manner consistent with this Opinion.  Illinois Power must also produce a privilege log in which Illinois Power sets forth the nature of each withheld document in a manner that, without revealing information itself privileged, will enable the parties and the Court to assess the claim of privilege for each withheld document.  See Fed. R. Civ. P. 26(b)(5).

    Illinois Power is further directed to follow this Opinion in its responses to notices of depositions duces tecum for its other testifying expert witnesses Dr. Anne Smith, Dr. Lucy Fraiser, Mr. Thomas Keeler, and Mr. Ed Cichanowicz.  If Illinois Power has already responded to any of the notices of depositions duces tecum for any of these testifying experts, Illinois Power is directed to submit a revised response that follows this

Opinion by July 31, 2018. Illinois Power may state its objections in the responses (or restate objections in any revised responses) to preserve those objections, but must then comply with this Opinion.

THEREFORE, IT IS ORDERED that Plaintiffs' Motion to Compel Production of Communications between Defendant's Testifying Experts and their Staff (d/e 177) is ALLOWED in part and DENIED in part.

ENTER: July 13, 2018

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE