IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS  PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, RESPIRATORY HEALTH ASSOCIATION, and SIERRA CLUB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS POWER RESOURCES GENERATING, LLC, <br><br> Defendant. | Case No. 13-cv-1181 <br> United States District Judge <br> Joe Billy McDade <br> Magistrate Judge <br> Thomas P. Schanzle-Haskins III |

### ILLINOIS POWER RESOURCES GENERATING, LLC'S
### MOTION TO STRIKE THE DECLARATION OF IAN FISHER (DOC. 184-2)

Defendant Illinois Power Resources Generating, LLC ("IPRG") moves to strike the August 31, 2018 declaration of Plaintiffs' counsel Ian Fisher (Doc. 184-2) (the "Fisher Declaration"), filed in support of Plaintiffs' partial summary judgment motion seeking nine declarations. Mr. Fisher has not been disclosed as an occurrence witness in this case and he lacks personal knowledge of the facts stated in his declaration. Instead, akin to a Rule 30(b)(6) witness, he studied material produced in the case, but then akin to an undisclosed expert witness, he has purported to apply his understanding of the governing legal standards to the facts he reviewed, a technical analysis of engineering data that he has no competency to perform.

Specifically, Mr. Fisher contends (1) that he performed several calculations to determine the number of times IPRG allegedly violated its opacity and particulate matter ("PM") limitations; (2) that he created and executed a custom algorithm for removing events that he deemed to be excused under his interpretation of the Illinois Administrative Code, and (3) that he calculated the statutory maximum amount of civil penalties. (Doc. 184-2 at ¶ 6-16, 48, 50, 54.)[1]

---

[1] Mr. Fisher testified that he used Excel spreadsheets and formulas and the work of unidentified assistants to make those judgments and perform those calculations. Fisher Declaration Paragraphs

Beyond the unusual hybrid nature of Mr. Fisher's status — he is none of a disclosed occurrence witness, disclosed expert, or Rule 30(b)(6) witness. IPRG immediately requested not only back up information for Mr. Fisher's declaration, but also his deposition. Plaintiffs refused to present him for deposition on the ground that he is one of Plaintiffs' counsel and Plaintiffs have refused to say whether he will appear at trial.[2] Yet, Plaintiffs propose to provide an evidentiary foundation for rulings by the Court (specifically, that $45 million is the maximum allowable civil penalty) without having to pass through the crucible of cross-examination. In addition, the declaration is riddled with errors. It should not be evidence here.

## ARGUMENT

Under Rule 56(c)(4), a summary judgment declaration is proper only if it is "made on personal knowledge," sets out "facts that would be admissible in evidence," and shows that the "declarant is competent to testify on the matter stated." Fed. R. Civ. P. 56(c)(4). Argument in a summary judgment declaration is improper. *See, e.g., Smeraldo v. City of Jamestown*, 512 F. App'x 32, 34 (2d Cir. 2013) ("legal argument and factual allegations for which Attorney [] has no personal knowledge" should be disregarded in summary judgment affidavit). Further, "conclusory statements" are improper and should not be considered. *See Fed. Trade Comm'n v. Vantage Point Servs.*, LLC, 266 F. Supp. 3d 648, 654 (W.D.N.Y. 2017). The proponent of a summary judgment affidavit bears the burden of demonstrating that it conforms to Rule 56(c)(4)'s requirements. *See*

---

2-4, 6, 9, 12-13, 22-25, 27-28, 31, 34-35, 37, 41-45, 49, 50-56, 57-62, 64-69, 71 and 73 should be stricken because they set forth improper legal opinions, arguments, conclusions, unqualified and inadmissible technical analysis, and facts about which the declarant lacks personal knowledge. The remaining paragraphs are immaterial to Plaintiffs' summary judgment motion, are inconsequential, or purport to authenticate documents the authenticity of which is not disputed.

[2] Are Plaintiffs proposing that Mr. Fisher will present the direct examination of one witness and then take the stand himself?

*generally* Fed. R. Civ. P. 56 advisory comm. 2010, subdivision (c). Here, the legal opinions, arguments, conclusions, and technical analysis in the Fisher Declaration are improper.

1. **Paragraphs 2-4, 6, 9, and 12-13 are Inadmissible and Erroneous Conclusions of Law Regarding Alleged Opacity and Particulate Matter Violations**

The Court should disregard Mr. Fisher's legal conclusion that this Court, in its liability phase Order on Summary Judgment, "found IPRG liable for 2,632 unexcused opacity exceedance events" which "correspond to 3,600 six-minute periods…." Fisher Decl. par. 6; August 23, 2016 Order, (Doc. 124). The Court's Order did not quantify a number of opacity events to which the Order applied. Nor did the Court hold "IPRG liable for 2,279 unexcused particulate exceedance events" which "correspond to 3,037 six-minute periods…." Fisher Decl. par. 13; *see also pars*. 3-4, 9, 12-13, repeating the claim that the Court made a "finding" regarding particular events.

The Court did not make a "finding" listing the events to which the summary judgment ruling applied — nor are the figures provided by Mr. Fisher even a straightforward application of the Court's ruling to a set of undisputed facts. To the contrary, Mr. Fisher's math is inaccurate on its face: Plaintiffs' lists of opacity and particulate events from which these totals are derived repeatedly include duplicate instances of the same opacity events.[3] Despite these inaccuracies, the

---

[3] *See, e.g.*, Exhibit A to Fisher Decl. (ECF # 184-4) at 35 (listing duplicate instances of an opacity violation occurring at Edwards Stack 1 at 17:18 on November 3, 2010, including one instance with an 18-minute duration and a second instance of the same event with a 30-minute duration); *id*. at 37 (improperly listing duplicate instances of an opacity violation occurring at Edwards Stack 1 at 13:48 on January 16, 2011, including duplicate 6-minute durations); *id*. at 62 (improperly listing duplicate instances of an opacity violation occurring at Edwards Stack 1 at 12:30 on January 27, 2014, including duplicate 12-minute durations)." *See also* Exhibit A to Fisher Decl. (ECF # 184-4) at 98 (improperly listing duplicate instances of a particulate matter violation based on an opacity violation occurring at Edwards Stack 1 at 17:18 on November 3, 2010, including one instance with an 18-minute duration and a second instance of the same event with a 30-minute duration); *id*. at 123 (improperly listing duplicate instances of a particulate matter violation based on an opacity violation occurring at Edwards Stack 1 at 12:30 on January 27, 2014, including duplicate 12-minute durations; *id.* at 2 (including the redundant events in totaling of 2,276 alleged particulate matter violations).

3

declaration it is lofted up to the Court as something so obvious no cross-examination is necessary. Of course, since one of the *purposes* of Mr. Fisher's declaration is to benchmark a maximum civil penalty, every error is tens of thousands of dollars.

Paragraphs 2-4, 6, 9, and 12-13 are a catalogue of erroneous and inadmissible legal conclusions. Plaintiffs should not be permitted to bootstrap these legal conclusions by dressing them as "facts," much less undisputed facts.

2. **Paragraphs 50 and 56, Purporting to Interpret the 8-Minute Exemption in 35 Illinois Administrative Code § 212.123(b) and to Prescribe an Algorithm for its Application, Are Erroneous and Inadmissible Legal Conclusions**

The Court should disregard Mr. Fisher's pronouncements regarding the legal criteria for determining the "post-liability exceedances … excused by the 8-minute exemption in 35 Illinois Administrative Code § 212.123(b)." Fisher Decl. par. 50(a)-(b). *Fed. Trade Comm'n v. Vantage Point Servs.*, LLC, 266 F. Supp. 3d 648, 654 (W.D.N.Y. 2017) ("[A] court may strike those portions of a declaration that are not made upon the declarant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements").

The Fisher Declaration articulates four legal criteria for applying the 8-minute rule set forth in 35 Illinois Administrative Code § 212.123(b) (see Fisher Decl. par. 50(a)-(b)), asserting that this represents the "methodology . . . the Court adopted for the liability-period exceedances." The declaration then *argues* that "IPRG's interpretation of the 8-minute exemption is contrary to the plain text of the Illinois SIP and this Court's August 2016 summary judgment ruling on liability[.]" Fisher Decl. par. 56.

This is improper for two reasons. *First,* the declaration should be limited to facts based on personal knowledge or (in the case of an expert witness; Mr. Fisher is not one) opinions. The statement is argumentative, disputing as it does IPRG's own interpretation. *See, e.g, Smeraldo v.*

4

*City of Jamestown*, 512 F. App'x 32, 34 (2d Cir. 2013) ("legal argument" should be disregarded in summary judgment affidavit).

Second, Mr. Fisher implies that the Court has already made a decision that it never made. Specifically, the Court did not decide, as a matter of law, the correct method for applying the 8-minute rule, set forth in 35 Ill. Admin. Code § 212.123(b). Contrary to the statements in Paragraphs 50 and 56 of the Declaration, the Court's Order on liability phase summary judgment made no finding of the kind described in the Declaration.

3. **Paragraphs 3, 50, 57-62, and 64-69 Are Unqualified Technical Computations Regarding the Application of the 8-Minute Rule and the Application of Startup, Malfunction, Breakdown, and Offline Exemptions.**

In addition to striking Mr. Fisher's proposed *procedure* for applying the 8-minute rule, the Court should strike the conclusions derived from his *application* of that proposed legal standard to a voluminous set of technical engineering data.[4] *See* Fisher Decl. pars. 50, 62, 64. Mr. Fisher claims that he "used Excel formulas and manual review to remove from the post-liability violation count all exceedances excused by the 8-minute exemption" and "determined that 3,382 of IPRG's reported six-minute exceedances for the post-liability period (through June 30, 2018) were not excluded by the 8-minute exemption . . .." Fisher Decl. par. 50. Upon what basis did Mr. Fisher "use" these formulae or make these "determin[ations]?" His personal judgment. He opined on whether hundreds of events were exempt as taking place during malfunction, breakdown, and offline periods (Fisher Decl. pars. 3, 57-62, 64-69) (*e.g.*, par. 58: "I calculated that Mr. Keeler

---

[4] As noted above, Mr. Fisher will not appear for deposition. *See* September 7, 2018 Letter from Selena Kyle to Ann MacDonald, attached hereto as Exhibit A.

decided that 437 of the reported exceedances from July 1, 2014 to December 31 2017 were attributable to startup").[5]

Mr. Fisher is not an engineer. He has no qualifying background, education, or experience in working with pollution control equipment or statistics. He is not qualified to testify regarding his manual and formula-driven application of the Illinois Administrative Code to thousands of rows of data.

There is no proper basis for treating his declaration as *evidence. See, e.g.*, *K-Koncrete, Inc. v. Mack Trucks, Inc.*, No. 85 C 9538, 1986 WL 12811, at *1 (N.D. Ill. Nov. 7, 1986) (affidavit stands in for trial testimony: "All that [proponent's] lawyer need ask himself is whether at trial [declarant] would be able to take the stand and give as testimony the statements made in his affidavit—that is, without successful objections from opposing counsel."); Fed. R. Evid. 701 (lay witness may not provide opinion testimony based on scientific, technical, or other specialized knowledge). Moreover, even if Plaintiffs could permissibly introduce Mr. Fisher's opinions, analyses, and conclusions regarding the application of the 8-minute rule at trial, they have not disclosed him as a witness, have not otherwise demonstrated any way that his analysis on the 8-minute rule would be admissible, and persist in blocking discovery on the ground that he is an attorney. *See* Fed. R. Civ. P. 56 advisory comm. 2010, subdivision (c) ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated"). Paragraphs 3, 50, 57-62, and 64-69 should be stricken.

---

[5] The declaration is not admissible as an accurate or reliable summary of undisputed facts. For example, despite purporting to exclude all exceedances which Mr. Keeler indicated were attributable to startup using the "TRK Code" 1 in Plaintiffs' MSJ Exhibit U (see Fisher Decl. ¶ 58) all of these events were *not* excluded from Plaintiff's list of post-liability "violations." *See, e.g.*, Plaintiffs' MSJ Exhibit AP (ECF #186-15) at 14 (listing event occurring at Edwards Stack 1 at 5:24 on May 18, 2016 with "TRK Code" 1) and Plaintiffs' MSJ Exhibit U (ECF #184-30) at 14 (including that same startup event in list of post-liability violations).

**4. Paragraphs 22-25, 27-28, 31, 34-35, 37, 41-45, 49, 52, 71, and 73 Set Forth Statements Outside of the Declarant's Personal Knowledge, Improper Opinion Testimony, and Improper Conclusory Characterizations of Facts.**

The Fisher Declaration also includes statements about which Mr. Fisher lacks personal knowledge. In Paragraph 22, Mr. Fisher purports to authenticate as "true and correct" a copy of an Edwards Plant budget document which he characterizes as "provid[ing] for more than $70 million in capital spending at Edwards in the years 2018 to 2022." In Paragraph 23, Mr. Fisher purports to authenticate an altered version of another IPRG budget document, characterizing the document as "provid[ing] for more than $152 million in operations and maintenance spending in the years 2018 through 2022." Mr. Fisher lacks personal knowledge necessary to authenticate an Edwards budget document or to opine on what the capital forecast or operations maintenance plan "provides."

In Pars. 24-25, 27-28, 31, 34-35, 37, and 41-45, Mr. Fisher purports to authenticate a host of Dynegy and Vistra documents about which he also lacks personal knowledge. In Pars. 49, 52, and 73, he makes claims regarding the number of times the Plant "reported" six-minute opacity exceedances to IEPA and "notified" IEPA of exceedances attributable to malfunctions and breakdowns — additional facts about which he lacks personal knowledge.[6]

---

[6] The Court has no basis for accepting the assertion that this is a simple "compilation" reflecting underlying undisputed facts. Fisher Declaration par. 52 asserts that 681 exceedance events occurred between July 1, 2014 and June 30, 2018 and Plaintiffs' motion asserts that those 681 events are represented in Exhibit T, but the events identified in Exhibit T do not constitute the only exceedance events between July 1, 2014 and June 30, 2018 for which the Plant provided a notification to Illinois EPA under Permit condition 5c. *See, e.g.,* Lindenbusch Decl. at ¶ 12, Ex. D (Ex. 4 to IPRG's Resp. to Plaintiff's MSJ) (notice provided to IEPA of event occurring at Edwards Stack 3 at 1:00 on June 30, 2018); (Exhibit T, Doc. # 192-2) (excluding that notice). To the contrary, Mr. Fisher's methodology appears unsound and is untested (*see* n. 3, *supra*; Exhibit A hereto).

In Par. 71, Mr. Fisher opines that exceedances of the 30% opacity limit "remain frequent." He is not qualified to provide opinion testimony on whether exceedances are frequent (Fed. R. Evid. 701), and it is improper to use a Declaration to make this argument.

WHEREFORE, for the foregoing reasons, Defendant IPRG respectfully requests that this Court strike the Fisher Declaration (Doc. 184-2).

Dated: September 21, 2018    Respectfully submitted,

/s/ *Ann H. MacDonald*

**Hinshaw & Culbertson LLP**
J. William Roberts
Charles R. Schmadeke
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
cschmadeke@hinshaw.law.com

**SCHIFF HARDIN LLP**
Barry Hyman
Francis X. Lyons
Bina Joshi
Ann MacDonald
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: 312-258-5500
bhyman@schiffhardin.com
flyons@schiffhardin.com
bjoshi@schiffhardin.com
amacdonald@schiffhardin.com

*Counsel for Defendant Illinois Power Resources Generating, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on September 21, 2018, a copy of IPRG's Motion to Strike the Declaration of Ian Fisher (Doc. 184-2) was electronically served upon all Counsel of Record using the CM/ECF system.

/s/ *Ann H. MacDonald*