E-FILED
Friday, 21 September, 2018  09:36:58 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

# NRDC

9/7/18

**By email to counsel for Defendant IPRG:**
Bina Joshi, bjoshi@schiffhardin.com
Barry Hyman, bhyman@schiffhardin.com
Francis Lyons, flyons@schiffhardin.com
Molly Wiltshire, mwiltshire@schiffhardin.com
Ann H. MacDonald, amacdonald@schiffhardin.com

Re:   **1:13-cv-01181,** *NRDC et al. v. IPRG*–**IPRG's August 6 demand letter**

Ann,

This responds to your August 6 letter.

Plaintiffs' opening brief in support of their motion for partial summary judgment on remedy, Mr. Fisher's supporting declaration, and the exhibits referenced in the brief and declaration give IPRG all the information it needs to understand and respond to Plaintiffs' points concerning the civil-penalty amount for IPRG's liability-phase violations and the post-liability violation count on which they seek partial summary judgment. Mr. Fisher's declaration summarizes the basic data compilation and arithmetic that are reflected in relevant exhibits to Plaintiffs' motion. It was provided for the Court's convenience and did not entail the application of any specialized knowledge or expertise.

**Civil-penalty amount for the liability period**

Exhibit A to Plaintiffs' motion includes all the information Plaintiffs used and the results of the simple calculations Mr. Fisher performed to develop the civil-penalty amount. Mr. Fisher's declaration also explains those calculations. Plaintiffs also provided the information they used to determine the civil-penalty amount in an August 23 supplemental interrogatory response. The Excel file Plaintiffs gave you on August 23 listed the same exceedances Plaintiffs listed in their liability-phase summary judgment exhibits, based on the contents of IPRG's own quarterly excess emissions reports to Illinois EPA. The file also included the same penalty subtotals and totals and "days with at least 1 violation" totals that appear in the summary table at the first page of Exhibit A. All Plaintiffs did to prepare Exhibit A was to add a few summary cells to the file (corresponding to the total number of violations and opacity exceedance events represented in the data) and create the summary table. As a courtesy, we are providing the updated Excel file that includes the new summary cells with this letter.

NATURAL RESOURCES DEFENSE COUNCIL
20 N WACKER DRIVE | SUITE 1600 | CHICAGO, IL | 60606 | T 312.663.9900 | NRDC.ORG

**Post-liability violation and exceedance counts**

Exhibits R-V and sealed Exhibits AP (an excerpted copy of an exhibit to Mr. Keeler's report) and AR (copies of the 664 internal excess emissions reports Plaintiffs have found that correspond to the 681 exceedance events referenced in Plaintiffs' brief and the Fisher declaration, organized chronologically) include all the information Plaintiffs compiled and used to determine the post-liability violation count as to which they seek partial summary judgment on remedy, as well as the post-liability exceedance count. Like Exhibit A, these exhibits are composed of information Plaintiffs obtained from IPRG. As the exhibits, Mr. Fisher's declaration, and Plaintiffs' opening brief show, Plaintiffs compiled this information from IPRG's discovery responses to Plaintiffs, Mr. Keeler's expert report, and IPRG's quarterly reports and malfunction/breakdown notifications to Illinois EPA.

Exhibits R-V, AP, AR, Mr. Fisher's declaration, and Plaintiffs' opening brief, on their face, give IPRG all the information it needs to understand the counts. Nonetheless, as a courtesy, we are providing the Excel files Plaintiffs used to develop their Exhibits R, S, U, and V with this letter. Plaintiffs did not use any Excel files to develop Exhibits T (a compilation of IPRG malfunction/breakdown notifications), AP (an excerpt from an IPRG expert report), and AR (a compilation of IPRG internal excess emissions reports).

The demands in yesterday's letter, including the demand to depose Mr. Fisher, would intrude on attorney work product and confidential communications and unjustifiably disrupt and prejudice Plaintiffs' trial-preparation efforts. They are also wholly unnecessary to understand the facts that support Plaintiffs' motion for partial summary judgment on remedy. Plaintiffs provided those with the motion.

Regards,

_____
Selena Kyle
skyle@nrdc.org
(312) 651-7906
Counsel for Plaintiff NRDC

Cc (via email): Other counsel for Plaintiffs