IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.; RESPIRATORY HEALTH ASSOCIATION; and SIERRA CLUB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS POWER RESOURCES GENERATING, LLC, <br><br> Defendant. | Case No. 13-cv-01181 <br> United States District Judge <br> Joe Billy McDade <br><br> Magistrate Judge <br> Thomas P. Schanzle-Haskins III |

**PLAINTIFFS' [PROPOSED] RESPONSE TO DEFENDANT'S OBJECTION TO CONSIDERATION OF EXPERT REPORTS ON SUMMARY JUDGMENT**

IPRG's claim that expert reports disclosed by the parties in this case may not be considered at summary judgment is incorrect.[1] *See* IPRG Reply, ECF No. 208-1, Resp. to Add'l Facts at 1-3, 6-8, 12-18, 21-26, 30-35 ¶¶ 1-2, 4-5, 7-10, 12-14, 19-21. As amended in 2010, Federal Rule of Civil Procedure 56(c) allows consideration of evidence *the content of which* could be admitted at trial, even if that evidence is not presented in an admissible *form* at summary judgment. *See* Fed. R. Civ. P. 56(c)(1)-(2); *Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 420 (7th Cir. 2016); *Bellas v. Orthofix, Inc.*, No. 14-cv-9623, 2017 WL 621769, at *2 (N.D. Ill. Feb. 15, 2017); *Jones v. W. Tidwater Reg'l Jail*, 187 F. Supp. 3d 648, 654 (E.D. Va. 2016) (collecting cases). Here, there is no dispute that the content of the expert reports referenced in Plaintiffs' summary judgment papers could be presented in an admissible form at

---

[1] The reports provide the opinions of Plaintiffs' experts Dr. Ranajit Sahu, Dr. H. Andrew Gray, and Dr. Joel Schwartz, and IPRG's experts Mr. Ralph Roberson, Mr. Thomas Keeler, Mr. Anthony Schroeder, Mr. J. Edward Cichanowicz, Dr. Anne Smith, and Dr. Lucy Fraiser.

trial. That content could be presented through examination of the relevant experts, whom the parties have formally disclosed.

As amended, Rule 56(c) allows a party to "object that the material cited to support or dispute a fact *cannot* be presented in a form that *would* be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added). "Significantly, the objection contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." *Foreword Magazine, Inc. v. Overdrive, Inc.*, No. 10-cv-1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011). In other words, "[t]he evidence need not be admissible in form, but must be admissible in content." *Wheatley*, 826 F.3d at 420; *see also Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538-39 (4th Cir. 2015). Courts applying the current Rule 56 have rejected objections like IRPG's. *See Bellas*, 2017 WL 621769, at *2; *Jones*, 187 F. Supp. 3d at 654.

IPRG does not claim that the *content* of the expert reports to which it objects could not be presented in admissible form at trial; that content could clearly come in through examination of the relevant experts, each of whom was disclosed by a party. These experts were all deposed, and at deposition, all identified their respective reports and testified that their reports set out their opinions. July 12, 2018 deposition of Dr. Joel Schwartz, ECF No. 183-1, at 124:19–126:14; July 2, 2018 deposition of Mr. J. Edward Cichanowicz, Ex. IA, at 27:18–28:8; June 27, 2017 deposition of Dr. Lucy Fraiser, Ex. IB, at 17:16–18:12, 53:3-14; June 26, 2017 deposition of Mr. Thomas Keeler, Sealed Ex. IC, at 19:13-22, 41:5-9; June 21, 2018 deposition of Dr. Ranajit Sahu, Sealed Ex. ID, at 18:13–22:21;[2] June 20, 2018 deposition of Dr. Anne Smith, Ex. IE,

---

[2] At Dr. Sahu's deposition, he was presented with an errata version to his initial remedy phase expert report (dated March 2, 2018). For the sake of completeness, Plaintiffs are attaching the pages in the errata version that correspond to the pages in the initial report that Plaintiffs cited in

at 24:8–25:6; June 15, 2018 deposition of Mr. Ralph Roberson, Ex. IF, at 20:12-21, 42:24–43:3; June 13, 2018 deposition of Mr. Anthony Schroeder, Ex. IG, at 20:20–21:12, 77:7-11; June 1, 2018 deposition of Dr. H. Andrew Gray, Ex. IH, at 5:20–7:12, 93:11–94:15; April 14, 2016 liability deposition of Dr. Ranajit Sahu, Ex. II, at 6:14–7:12, 36:21–37:20.

      IRPG's contrary contention rests on caselaw that predates the 2010 amendments to Rule 56(c). *See, e.g.*, ECF No. 208-1, Resp. to Add'l Facts at 1 ¶ 1 (citing *Wittmer v. Peters*, 87 F.3d 916, 917 (7th Cir. 1996); *Scott v. Edinburg*, 346 F.3d 752, 759 (7th Cir. 2003); and *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989)). That caselaw is not relevant because Rule 56(c) was amended in 2010 to eliminate the previous requirement that documents submitted at summary judgment be authenticated. In any event, even the pre-2010 version of Rule 56 allowed a court to consider an unsworn expert report if it was authenticated through "[s]ubsequent verification or reaffirmation . . . either by affidavit or deposition." *DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009) (quoting *Maytag Corp. v. Electrolux Home Prods., Inc.*, 448 F. Supp. 2d 1034, 1064 (N.D. Iowa 2006)). The already filed and concurrently filed deposition excerpts reaffirm that the relevant reports set forth the experts' opinions.

      IPRG does not challenge the admissibility of the *content* of the reports, and that content could be admitted at trial through examination of the relevant experts. That is all Rule 56(c) presently requires. To avoid any question, however, Plaintiffs have also now filed sworn

---

summary judgment briefing (dated January 17, 2018). Sealed Ex. IK. The errata version reflected corrections to exceedance counts and did not change any of the content that Plaintiffs relied on to support the summary judgment briefing. *Compare* Sealed Ex. IK, *with* Sealed Ex. EB, ECF No. 199, *and* Sealed Ex. HG, ECF No. 213.

deposition testimony in which the experts affirm the opinions in their reports.[3] IPRG's objection to consideration of the reports on summary judgment should be overruled.

                    Respectfully submitted October 17, 2018,

                    s/ *Ian Fisher*
                    Ian Fisher (CO Bar No. 47858)
                    Selena Kyle (IL Bar No. 6311573)
                    20 North Wacker Drive, Suite 1600
                    Chicago, IL 60606
                    (312) 995-5903
                    ifisher@nrdc.org
                    (312) 651-7906
                    skyle@nrdc.org

                    Jared E. Knicley (DC Bar No. 1027257)
                    Natural Resources Defense Council
                    1152 15th Street NW, Suite 300
                    Washington, DC 20005
                    (202) 513-6242
                    jknicley@nrdc.org

                    Ann Alexander (IL Bar No. 6278919)
                    111 Sutter Street, 21st Floor
                    San Francisco, CA 94104
                    (415) 875-6190
                    aalexander@nrdc.org

                    *Counsel for Plaintiff Natural Resources Defense Council*

                    s/ *Gregory E. Wannier*
                    Gregory E. Wannier (CA Bar No. 275349)
                    Sierra Club
                    2101 Webster Street, Suite 1300
                    Oakland, CA 94110
                    (415) 977-5646
                    greg.wannier@sierraclub.org

                    Faith E. Bugel (IL Bar No. 6255685)

---

[3] IPRG did not object to Plaintiffs' reliance on excerpts from the rebuttal report of Mr. Jonathan Shefftz, Plaintiffs' other testifying expert on remedy. To account for every expert report they cited in their summary judgment briefing, Plaintiffs have also submitted the page from Mr. Shefftz's rebuttal expert report, where Mr. Shefftz swears to the contents. Ex. IJ, at 28.

Attorney at Law
1004 Mohawk Road
Wilmette, IL 60091
(312) 282-9119
fbugel@gmail.com

*Counsel for Plaintiff Sierra Club*

s/ *Jeffrey Hammons*
Jeffrey Hammons (IL Bar No. 6324007)
Justin Vickers (IL Bar No. 6305129)
Scott Strand (MN Bar No. 147151)
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
jhammons@elpc.org
jvickers@elpc.org

*Counsel for Plaintiffs Sierra Club and Respiratory Health Association*