IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.; RESPIRATORY HEALTH ASSOCIATION; and SIERRA CLUB, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ILLINOIS POWER RESOURCES GENERATING, LLC, <br><br>Defendant. | Case No. 13-cv-01181 <br>United States District Judge <br>Joe Billy McDade <br><br>Magistrate Judge <br>Thomas P. Schanzle-Haskins III |

**MOTION *IN LIMINE* TO PRECLUDE TESTIMONY
BY MR. J. EDWARD CICHANOWICZ CONCERNING WHETHER ANY OF THE
POLLUTION-CONTROL TECHNOLOGIES PRESENTED BY THE PARTIES'
ENGINEERING EXPERTS WILL REDUCE OR END FURTHER VIOLATIONS AT
EDWARDS**

Plaintiffs Natural Resources Defense Council, Sierra Club, and Respiratory Health Association move to preclude defense expert J. Edward Cichanowicz from testifying at trial about whether any of the pollution-control technologies identified by him or by Plaintiffs' engineering expert, Dr. Ranajit Sahu, would allow Defendant Illinois Power Resources Generating, LLC (IPRG) to avoid or reduce Clean Air Act violations at the E.D. Edwards plant. By his own admission, Mr. Cichanowicz did not distinguish between exempt and non-exempt opacity exceedances when forming his opinions in this case. His testimony accordingly does not address and cannot assist the Court in deciding the extent to which the identified pollution-control technologies would advance IPRG's ability to avoid further non-exempt exceedances at the Edwards plant and move into compliance with the Act. Any post-hoc opinions that he may form and that IPRG may attempt to elicit at trial on that question would violate Federal Rule of Civil Procedure 26's disclosure requirements and should be precluded.

## BACKGROUND

IPRG's Clean Air Act permit for the Edwards plant requires it to comply with Illinois regulations that limit the amount of particulate matter plants may emit, using a 30% opacity limit. *See* Op. & Order, ECF No. 235, at 2; *see also* 35 Ill. Admin. Code § 212.123. However, not all exceedances of 30% opacity are unlawful. In addition to the 8-minute exemption the Court recently interpreted, *see* Op. & Order, ECF No. 235, at 16-28, IPRG's permit includes affirmative defenses for exceedances that occur during "periods of startup, malfunction, and breakdown." Permit, ECF No. 104-8, ¶ 5a; *see also* Op. & Order, ECF No. 124, at 43-44. Despite these allowances, it is undisputed that IPRG had thousands of non-exempt exceedances during the liability period of April 18, 2008 to June 30, 2014. *See* Op. & Order, ECF No. 124, at 49; Op. & Order, ECF No. 235, at 10-13; Pls.' Initial Pretrial Br., ECF No. 240, at 7; IPRG's

1

Trial Br. Under Doc. #236, ECF No. 243, at 8. The parties' experts agree that tens of thousands more non-exempt exceedances occurred during the post-liability period. *See* Apr. 26, 2019 Rebuttal Expert Report of Thomas Keeler, Ex. NC, at 9-12; May 5, 2019 Errata & Suppl. to Suppl. & Suppl. Rebuttal Expert Reports of Dr. Ranajit Sahu, Ex. MG, at 2-4.

Plaintiffs' engineering expert, Dr. Sahu, has concluded that IPRG cannot rely on the Edwards plant's existing pollution controls, two electrostatic precipitators (ESPs), and must install baghouses to eliminate—or new, properly sized, adequately maintained ESPs to substantially reduce—non-exempt exceedances. *See* Jan. 17, 2018 Expert Report of Dr. Ranajit (Ron) Sahu (Sahu Report), Sealed Ex. EB, ECF No. 199, at 41-42. In response to Dr. Sahu's testimony, IPRG has offered Mr. Cichanowicz's testimony that IPRG instead pursue a package of repairs to the plant's existing ESPs that Mr. Cichanowicz refers to as the "hardened ESP" option. Mar. 21, 2018 Expert Report of Mr. J. Edward Cichanowicz (Cichanowicz Report), Ex. MA, at 38-44. Mr. Cichanowicz has opined that his hardened ESP option would "significantly lower" or "essentially eliminate" opacity exceedances, without explaining what those phrases mean. Cichanowicz Report, Ex. MA, at 4; *see also id.* at 38.

In evaluating his hardened ESP option and the baghouses and new ESPs referenced by Dr. Sahu, Mr. Cichanowicz refers to the possibility of reducing "opacity excursions" in general, "without distinguishing between those 'exempt' or 'non-exempt.'" Cichanowicz Report, Ex. MA, at 1 n.1; *see also id.* at 3, 38. When asked about the issue at deposition, Mr. Cichanowicz confirmed that "I did not distinguish between the two, and I do not—I am not expert or fully informed of a lot of the differences, as described by [IPRG expert] Mr. Tom Keeler." July 2, 2018 Dep. of J. Edward Cichanowicz (2018 Cichanowicz Dep.), Ex. MD, at 293:12–294:16.

On January 15, 2019, the Court ruled on the parties' cross-motions for partial summary

2

judgment on remedy and concluded that violations could be established by reference to data showing IPRG had exceeded its opacity limit on a 1-minute average basis. *See* Op. & Order, ECF No. 235, at 20-28. The parties then prepared supplemental expert reports on issues including the application of the January 15 ruling to post-liability opacity exceedances. *See* Scheduling Order, ECF No. 237, at 2; *see also* Pls.' Unopposed Mot. to Amend or Clarify the Feb. 12 Scheduling Order, ECF No. 238, at 1-2 (requesting that parties' expert reports not be limited to application of 8-minute rule); Minute Order of February 26, 2019 (granting motion).

In his April 5, 2019 supplemental report, Mr. Cichanowicz stated that "[t]he use of a 1-minute average to determine opacity . . . does not change my opinion that the Hardened ESP—as described in my expert report of March 23 [sic], 2018—will provide reductions in opacity excursions, reducing such excursions to a negligible level." Apr. 5, 2019 Suppl. Expert Report of J. Edward Cichanowicz (Cichanowicz Suppl. Report), Ex. MB, at 2. Mr. Cichanowicz maintained this position in his rebuttal report. *See* Apr. 19, 2019 Rebuttal Expert Report of J. Edward Cichanowicz (Cichanowicz Rebuttal Report), Ex. MC, at 4 (asserting that replacing the ESPs' power supplies will "all but eliminate opacity exceedances"). In his reports and all subsequent testimony, Mr. Cichanowicz has continued to refer to opacity excursions generally, without attempting to distinguish non-exempt from exempt exceedances. *See* Cichanowicz Suppl. Report, Ex. MB, at 2; *see also* Apr. 30, 2019 Dep. of J. Edward Cichanowicz (2019 Cichanowicz Dep.), Ex. ME, at 33:24–34:16 (explaining definition of "opacity excursions").

**ARGUMENT**

Courts use the framework outlined in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to determine whether expert testimony is admissible pursuant to Federal Rule of Evidence 702. Expert testimony is admissible if it (1) "has been subjected to the scientific

3

method" and (2) "assists the trier of fact in understanding the evidence or in determining a fact in issue." *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002) (quoting *Porter v. Whitehall Labs., Inc.,* 9 F.3d 607, 614, 616 (7th Cir. 1993)). Expert testimony assists the trier of fact only if "it is tied to the facts of the case" so that it will aid in "resolving a factual dispute." *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

As Mr. Cichanowicz recognizes, the main legal question his opinions about pollution-control options attempt to address is what type of pollution controls the Court should order IPRG to install in the context of injunctive relief. *See* Cichanowicz Report, Ex. MA, at 3. Although the Court has discretion in exercising its equitable powers, it should focus on "order[ing] relief that will achieve *compliance*" with the Clean Air Act. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 318 (1982); *see also* Pls.' Initial Pretrial Br., ECF No. 240, at 23-24. If IPRG is to achieve compliance with the Clean Air Act, it needs to avoid *non-exempt* exceedances in particular. For expert testimony to assist the Court in its evaluation of whether a given pollution-control option will achieve compliance, it must ultimately address whether that technology would advance IPRG's ability to avoid further non-exempt exceedances.[1]

---

[1] Plaintiffs do not seek to exclude the opinions Mr. Cichanowicz has provided concerning pollution-control technology options more generally, such as the costs of the different technologies and their construction timeframes. *See, e.g.*, Cichanowicz Report, Ex. MA, at 48-49. Plaintiffs seek simply to preclude Mr. Cichanowicz from offering new opinions concerning which technologies would advance IPRG's ability to avoid non-exempt exceedances—a category Mr. Cichanowicz admits he never identified and separately analyzed.

To be sure, Dr. Sahu, Plaintiffs' engineering expert, also did some analysis of opacity exceedances generally to assess the basic "capabilities of the Plant's equipment" to control particulate matter and opacity pollution. *See, e.g.*, Apr. 6, 2019 Suppl. Expert Report of Dr. Ranajit (Ron) Sahu, Ex. MF, at 18-21 & 18 n.26. But Dr. Sahu went on to apply his engineering expertise to identify the non-exempt exceedances, and to address how the several pollution control options he and Mr. Cichanowicz identified would advance IPRG's ability to avoid further non-exempt exceedances. *See id.* at 7-17, 38-43; *see also* May 5, 2019 Errata & Suppl. to Suppl. & Suppl. Rebuttal Expert Reports of Dr. Ranajit Sahu, Ex. MG, at 2-4.

Because Mr. Cichanowicz fails to distinguish between exempt and non-exempt exceedances, his opinions about the pollution-control options he and Dr. Sahu have identified cannot assist the trier of fact in determining which options would allow IPRG to achieve compliance and he cannot offer an opinion about this issue at trial.[2] *Cf. Hopey v. Spear*, No. 13-CV-2220, 2016 WL 9665159, at *4 (C.D. Ill. Apr. 18, 2016) (excluding expert testimony that failed to distinguish between physical therapy plaintiff needed due to accident and physical therapy plaintiff needed due to pre-existing conditions because "it d[id] not help the trier of fact determine the measure of damages attributed to the accident"). For example, Mr. Cichanowicz criticizes Dr. Sahu's conclusion that IPRG needs to install baghouses (also called fabric filters) to eliminate further non-exempt exceedances at Edwards on the basis that baghouses cannot "eliminate" all opacity exceedances. *See* Cichanowicz Report, Ex. MA, at 47-48. But a pollution-control technology's failure to eliminate *all* exceedances does not make it "more or less probable" that the option would avoid or reduce *non-exempt* exceedances; the technology could advance IPRG's ability to avoid non-exempt exceedances even if it did not have the same effect on exempt ones.[3] Fed. R. of Evid. 401(a) (defining relevance).

---

[2] In the first footnote to his March 2018 report, Mr. Cichanowicz states without attribution that his hardened ESP option would "nearly eliminate the 'non-exempt' opacity excursions." Cichanowicz Report, Ex. MA, at 1 n.1. It is unclear how Mr. Cichanowicz could know that his hardened ESP option would nearly eliminate a category of exceedances he confirmed at deposition he lacked the expertise to isolate and never separately analyzed. *See* 2018 Cichanowicz Dep., Ex. MD, at 294:13-16. Even if it were not for Mr. Cichanowicz's confirmation of these points, this lone and unsubstantiated reference to "non-exempt" would be inadequate to disclose any opinion as to that category of exceedances. *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (requiring expert reports to provide the "the basis and reasons" for opinions).

[3] Mr. Cichanowicz not only failed to distinguish exempt from non-exempt exceedances, he also failed to use a consistent definition of exceedance across different pollution-control options. For example, when asked what he meant when he opined that a baghouse "will reduce but not eliminate opacity excursions," Mr. Cichanowicz stated that "opacity excursions" did not refer to opacity above 30%. 2018 Cichanowicz Dep., Ex. MD, at 147:3-16 (quoting Cichanowicz Report, Ex. MA, at 48); *see also id.* at 144:3-21. Instead, Mr. Cichanowicz defined an opacity

Similarly, when commenting on the efficacy of his own hardened ESP option, Mr. Cichanowicz could say only that he believes it would reduce opacity exceedances to an undefined and unquantifiable "negligible" amount. Cichanowicz Suppl. Report, Ex. MB, at 2; *see also* Cichanowicz Report, Ex. MA, at 3 (stating that the hardened ESP option should "all but eliminate opacity excursions"); 2018 Cichanowicz Dep., Ex. MD, at 109:6-16 (acknowledging amount is unquantifiable); 2019 Cichanowicz Dep., Ex. ME, at 38:20–39:14 (same). This sheds no light on the hardened ESP option's potential to reduce non-exempt exceedances specifically—let alone on how its potential to do so compares to that of the baghouses and new ESPs described by Dr. Sahu.

In short, Mr. Cichanowicz has never tried to isolate non-exempt from exempt exceedances, let alone presented any separate analysis of non-exempt ones. Cichanowicz Report, Ex. MA, at 1 n.1; 2018 Cichanowicz Dep., Ex. MD, at 293:23–295:2 (stating he did not distinguish between exempt and non-exempt in analysis); *see also* Cichanowicz Suppl. Report, Ex. MB, at 2; (discussing opacity excursions in general); Cichanowicz Rebuttal Report, Ex. MC, at 4 (same); 2019 Cichanowicz Dep., Ex. ME, at 33:24–34:16. The opinions he has expressed to date accordingly do not address and cannot assist the Court in evaluating the extent to which ordering IPRG to implement any of pollution-control technology options at issue would advance IPRG's ability to avoid non-exempt exceedances. Allowing Mr. Cichanowicz to present new opinions on that issue at trial would run afoul of Federal Rule of Civil Procedure 26's requirement that an expert report must contain "a complete statement of *all* opinions the witness

---

excursion as "an increase above a baseline value"—a value that Mr. Cichanowicz could not specify and admitted could be *under* 30%. See 2018 Cichanowicz Dep., Ex. MD, at 147:14-21; *see also id.* at 150:2-20.

will express and the basis and reasons for them."[4] Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added).

## CONCLUSION

For the reasons above, the Court should preclude Mr. Cichanowicz from testifying about the extent to which any of the pollution-control options presented in this case would advance IPRG's ability to avoid further non-exempt exceedances at the Edwards plant and bring itself into compliance with the Clean Air Act.

Respectfully submitted May 17, 2019,

s/ *Jacqueline Iwata*
Jacqueline Iwata (DC Bar No. 1047984)
Jared E. Knicley (DC Bar No. 1027257)
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 289-2377
jiwata@nrdc.org
(202) 513-6242
jknicley@nrdc.org

Selena Kyle (IL Bar No. 6311573)
Ian Fisher (CO Bar No. 47858)
Natural Resources Defense Council
20 North Wacker Drive, Suite 1600
Chicago, IL 60606
(312) 651-7906
skyle@nrdc.org
(312) 995-5903
ifisher@nrdc.org

---

[4] Allowing IPRG to elicit this testimony at trial would be particularly unjust given its refusal to allow Plaintiffs to test the limits of Mr. Cichanowicz's views concerning what technologies would allow IPRG to eliminate 1-minute opacity exceedances generally. At Mr. Cichanowicz's deposition last month, Plaintiffs asked whether, if IPRG asked him to make a recommendation about how to eliminate further 1-minute opacity excursions at Edwards, he would recommend his own hardened ESP option. *See* 2019 Cichanowicz Dep., Ex. ME, at 56:20–57:2, 134:15-18. Defense counsel repeatedly instructed Mr. Cichanowicz not to answer that question on the basis that it was "beyond the scope of what [Mr. Cichanowicz] has been retained for." 2019 Cichanowicz Dep., Ex., ME, at 57:3-14; *see also id.* at 134:15–135:19.

7

Gonzalo E. Rodriguez (CA Bar No. 322913)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6110
grodriguez@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council*

s/ *Gregory E. Wannier*
Gregory E. Wannier (CA Bar No. 275349)
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94110
(415) 977-5646
greg.wannier@sierraclub.org

*Counsel for Plaintiff Sierra Club*

s/ *Jeffrey Hammons*
Jeffrey Hammons (IL Bar No. 6324007)
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500

*Counsel for Plaintiffs Sierra Club and Respiratory Health Association*

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, I caused the following to be served on all parties' counsel via the Court's CM/ECF system:

**MOTION *IN LIMINE* TO PRECLUDE TESTIMONY
BY MR. J. EDWARD CICHANOWICZ CONCERNING WHETHER ANY OF THE POLLUTION-CONTROL TECHNOLOGIES PRESENTED BY THE PARTIES' ENGINEERING EXPERTS WILL REDUCE OR END FURTHER VIOLATIONS AT EDWARDS**

**DECLARATION OF JACQUELINE IWATA
IN SUPPORT OF PLAINTIFFS' MOTION TO PRECLUDE TESTIMONY
BY MR. J. EDWARD CICHANOWICZ AND EXHIBITS MA THROUGH MG
(EXHIBITS MA, MB, MC, & MF BEING FILED UNDER SEAL)**

*s/ Jacqueline Iwata*
Jacqueline Iwata