IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, RESPIRATORY HEALTH ASSOCIATION, and SIERRA CLUB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS POWER RESOURCES GENERATING, LLC, <br><br> Defendant. | Case No. 13-cv-1181 <br> United States District Judge <br>   Joe Billy McDade <br> Magistrate Judge <br>   Thomas P. Schanzle-Haskins III |

## DEFENDANT'S MOTION IN LIMINE NO. 3
## REGARDING CONFIDENTIALITY AT TRIAL

Defendant Illinois Power Resources Generating, LLC respectfully moves in limine for a public trial with case-by-case consideration of exhibits and topics of testimony that include confidential business information, Critical Energy Infrastructure Information, and/or information of a non-party that it has good cause to maintain confidential.

In support of this motion, the Defendant submits its supporting memorandum.

Dated: May 17, 2019

**HINSHAW & CULBERTSON LLP**
J. William Roberts
Charles R. Schmadeke
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
cschmadeke@hinshaw.law.com

Respectfully submitted,

/s/ *Barry Hyman*
**SCHIFF HARDIN LLP**
Barry Hyman
Francis X. Lyons
Bina Joshi
Ann H. MacDonald
Neil Lloyd
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
Telephone: 312-258-5500
bhyman@schiffhardin.com
flyons@schiffhardin.com
bjoshi@schiffhardin.com
amacdonald@schiffhardin.com

nlloyd@schiffhardin.com
and
Andrew N. Sawula
Schiff Hardin LLP
One Westminster Place
Lake Forest, IL 60045
Telephone: 847-295-4336
asawula@schiffhardin.com

*Counsel for Defendant*
*Illinois Power Resources Generating, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, RESPIRATORY HEALTH ASSOCIATION, and SIERRA CLUB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS POWER RESOURCES GENERATING, LLC, <br><br> Defendant. | Case No. 13-cv-1181 <br> United States District Judge <br>   Joe Billy McDade <br> Magistrate Judge <br>   Thomas P. Schanzle-Haskins III |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 3**

Defendant Illinois Power Resources Generating, LLC ("IPRG") respectfully moves in limine for a public trial with case-by-case consideration of exhibits and topics of testimony that include confidential business information, Critical Energy Infrastructure Information, and/or information of a non-party that it has good cause to maintain confidential.

**ARGUMENT**

IPRG has no objection to an open, public trial. IPRG requests, though, that once witness lists, exhibit lists, and the scope of trial are finalized, the Court will permit the parties to raise whether any specific topics or exhibits should be properly precluded from public access on the basis that they contain (1) confidential business information (e.g., financial information regarding future planning, which would put the company at a competitive disadvantage if it were made public), (2) Critical Energy Infrastructure Information ("CEII") as defined in 18 C.F.R. § 388.113, or (3) information of a non-party that it has good cause to maintain confidential.

Courts have long recognized that "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view…" *In re Specht*, 622 F.3d 697, 701 (7th Cir.

2010) (citing *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002); *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000)).

The presumption of public access, however, always carries a caveat — documents and topics may be shielded from public disclosure when "a statute, rule, or privilege justifies confidentiality." *Id.* Even when the Court relies on documents in resolving a dispositive motion, documents that contain trade secrets or other protected categories of confidential information can still be properly maintained under seal. *See, e.g., Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("The presumption can be rebutted. A litigant is allowed, for example, to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym."); *see also United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) ("But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."); *ABRO Indus., Inc. v. 1 New Trade, Inc.*, No. 3:14-CV-1984-TLS-CAN, 2015 WL 13655677, at *2 (N.D. Ind. Sept. 16, 2015) (granting protective order for highly sensitive business information because "[t]he parties' competitive relationship is not just an interesting fact of no consequence; it is the central point of this case;" and "no party should suffer a competitive disadvantage extending beyond the allegations of this case just because they properly disclosed sensitive information to resolve this dispute").

A case-by-case review of documents and topics that include confidential business information likely to put IPRG at a competitive disadvantage will afford both parties the opportunity to make document- or topic-specific arguments, so that the Court may weigh the public's interest in access against IPRG's interest in guarding a narrow set of documents or topics from disclosure. *See, e.g., F.T.C. v. OSF Healthcare Sys.,* No. 11 C 50344, 2012 WL 1144620, at

*3 (N.D. Ill. Apr. 5, 2012) (keeping hearing exhibits under seal after finding the economic damage and competitive disadvantage that would be caused by disclosure outweighed the public's interest in the information). IPRG accordingly requests that, at the appropriate time, the parties are afforded the opportunity to present a list of confidential business information exhibits or topics to the Court so that the narrow category of confidential business information set forth above may be protected from public disclosure. This effort will be more efficient for the Court and the parties if undertaken after the parties have narrowed down the universe of documents requiring consideration through the exchange of exhibit lists. In fact, depending on which exhibits the parties list, there may be no confidentiality issues to address at all. Undertaking to assess potential confidentiality concerns now for all *potential* trial exhibits would involve consideration of the entire universe of documents from discovery (*e.g.*, IPRG cannot predict which documents Plaintiffs will include on their trial exhibit list), whereas doing so with the parties' trial exhibit lists in hand will be far more efficient for everyone.

CEII, on the other hand, is information regulated by the Federal Energy Regulatory Commission ("FERC") that relates to the electric power grid and is further defined in 18 C.F.R. § 388.113. FERC has broad discretion to protect CEII from public disclosure, including the ability of FERC or "any other Federal agency to take all necessary steps to protect information within its custody or control that is necessary to ensure the safety and security of the electric grid." 18 C.F.R. § 388.113(a). This protection is afforded to CEII because the information, by definition, "[c]ould be useful to a person in planning an attack on critical infrastructure[.]" 18 C.F.R. § 388.113(c)(2)(ii). Whether either party will attempt to admit at trial any topics or exhibits containing CEII will not be apparent until the witness lists, exhibit lists, and scope of trial are finalized. IPRG requests that, at the appropriate time, the parties are afforded the opportunity to

present a list of CEII exhibits or topics to the Court so that narrow topics of CEII may be protected from public disclosure.

## CONCLUSION

Defendants request the Court permit the parties to present lists of exhibits or topics that may contain confidential business information or CEII after witness lists, exhibit lists, and the scope of trial have been established, so that the Court may narrowly rule on public disclosure of such documents and topics.

Dated: May 17, 2019                    Respectfully submitted,

/s/ *Barry Hyman*

| | |
|---|---|
| **HINSHAW & CULBERTSON LLP** | **SCHIFF HARDIN LLP** |
| J. William Roberts | Barry Hyman |
| Charles R. Schmadeke | Francis X. Lyons |
| 400 South Ninth Street, Suite 200 | Bina Joshi |
| Springfield, IL 62701 | Ann H. MacDonald |
| Telephone: 217-528-7375 | Neil Lloyd |
| cschmadeke@hinshaw.law.com | 233 South Wacker Drive |
| | Suite 7100 |
| | Chicago, IL 60606 |
| | Telephone: 312-258-5500 |
| | bhyman@schiffhardin.com |
| | flyons@schiffhardin.com |
| | bjoshi@schiffhardin.com |
| | amacdonald@schiffhardin.com |
| | nlloyd@schiffhardin.com |
| | and |
| | Andrew N. Sawula |
| | Schiff Hardin LLP |
| | One Westminster Place |
| | Lake Forest, IL 60045 |
| | Telephone: 847-295-4336 |
| | asawula@schiffhardin.com |

*Counsel for Defendant*
*Illinois Power Resources Generating, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on May 17, 2019, a copy of **Defendants' Motion In Limine No. 3 Regarding Confidentiality at Trial** was electronically served upon all Counsel of Record using the CM/ECF system.

Ann Alexander
Gonzalo Rodriguez
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter Street
21st Floor
San Francisco, CA 94104
415-875-6190
Email: aalexander@nrdc.org
Email: grodriguez@nrdc.org

Ian Fisher
Selena Kyle
NATURAL RESOURCES DEFENSE COUNCIL
Suite 1600
20 N. Wacker Drive
Chicago, IL 60606
Email: ifisher@nrdc.org
Email: skyle@nrdc.org

Jacqueline Iwata
Jared Knicley
NATURAL RESOURCES DEFENSE COUNCIL
Ste 300
1152 15th Street NW
Washington, DC, 20005
Email: jiwata@nrdc.org
Email: jknicley@nrdc.org

Justin Vickers
Jeffrey Hammons
Scott Strand
ENVIRONMENTAL LAW & POLICY CENTER
Ste 1600
35 E Wacker Dr
Chicago, IL 60601
Email: jvickers@elpc.org
Email: jhammons@elpc.org
Email: sstrand@elpc.org

Gregory E Wannier
SIERRA CLUB
Staff Attorney
Sierra Club
Ste 1300
2101 Webster Street
Oakland, CA 94110
Email: greg.wannier@sierraclub.org

/s/ *Barry Hyman*