E-FILED
Friday, 17 May, 2019  08:29:35 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

NATURAL RESOURCES DEFENSE
COUNCIL, INC.; RESPIRATORY HEALTH
ASSOCIATION; and SIERRA CLUB, INC.,

Plaintiffs,

v.

ILLINOIS POWER RESOURCES
GENERATING, LLC,

Defendant.

Case No. 13-cv-01181
United States District Judge
Joe Billy McDade

Magistrate Judge
Thomas P. Schanzle-Haskins III

**PLAINTIFFS' MOTION *IN LIMINE* TO UNSEAL THE FULL DOCKET AND
CONDITION FURTHER SEALED FILINGS ON A PARTICULARIZED SHOWING
THAT THE CONTENTS ARE TRADE SECRETS OR INFORMATION THAT IS
PRIVILEGED OR REQUIRED TO BE KEPT CONFIDENTIAL BY STATUTE**

Plaintiffs Natural Resources Defense Council, Sierra Club, and Respiratory Health Association seek a pretrial ruling ordering the unsealing of all documents filed under seal in this case to date and conditioning further sealing of documents on particularized showing by the sealing proponent that the document proposed to be sealed contains trade secrets, privileged information, or information that is required to be kept confidential by statute. "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). This case is nearing a two-week remedy trial on matters of considerable public and local importance: protecting public health, promoting the rule of law by penalizing a decade's worth of illegal pollution at the E.D. Edwards plant, and ensuring that IPRG invests in pollution-control measures necessary to end its harmful violations. Making the docket in this case fully open to and reviewable by members of the public before, during, and after the trial furthers the "very long standing" tradition that "litigation is open to the public." *Id.* at 567.

## BACKGROUND

In December 2014, during the liability phase of this case, the parties proposed and the Court approved (with minor modifications) a Protective Order that provides for the parties to designate certain documents as confidential. *See* Joint Mot. for Protective Order, ECF No. 51-1; Protective Order, ECF No. 52. The Order defines as "CONFIDENTIAL INFORMATION" "any document or other information provided in discovery … which contains information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law." Protective Order, ECF No. 52, at 1 ¶ 1. It states that "[a]ny pleading, paper, or other document filed in this Action which contains or discloses

1

CONFIDENTIAL INFORMATION shall be filed under seal pursuant to the provisions of Rule 5.10 of the Local Rules of the Central District of Illinois, and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court." *Id.* at 9 ¶ 13.

Since the Protective Order's entry four and a half years ago, IPRG has stamped or otherwise designated "confidential" many of the documents and data it has produced in response to Plaintiffs' requests for production, many of its responses to Plaintiffs' interrogatories, many of its testifying experts' reports, and many deposition transcripts. May 17, 2019 Decl. of Selena Kyle (Kyle Decl.) ¶¶ 2-6. Much of the material IPRG has produced under a "confidential" stamp has never been submitted for filing with the Court and likely never will be. *See id.* ¶ 7. Because of the breadth of IPRG's confidentiality claims, however, both Plaintiffs and IPRG have repeatedly requested and received leave to file documents under seal. *Id.*; *see* ECF Nos. 110, 116, 117, 182, 186, 187, 195, 199, 202, 210, 213, 216, 223 & accompanying text orders granting leave to file under seal. Most of the parties' requests for leave to file under seal were made in connection with this Court's consideration of issues presented in a dispositive motion.[1] All of the documents the Court is maintaining under seal at the time of this motion were submitted in support of a motion that has been decided.[2]

---

[1] *See* ECF Nos. 110 & 117 (exhibits submitted in support of liability-phase summary judgment briefing), 182, 186, 187, 199, 202, 210, 213, & 223 (exhibits submitted in support of remedy-phase summary judgment briefing).

[2] *See* ECF Nos. 110 (response to motion for partial summary judgment on liability), 117 (reply in support of summary judgment on liability), 162 (motion for additional deposition time), 173 (motion to compel), 182 (motion for partial summary judgment on remedy), 186 & 187 (motion for partial summary judgment on remedy), 196 (opposition to motion to exclude expert testimony), 199 (opposition to motion for partial summary judgment on remedy), 202 (opposition to motion for partial summary judgment on remedy), 210 (reply in support of motion for partial summary judgment on remedy), 213 (reply in support of motion for partial summary judgment on remedy), 216 (motion to compel production of report authored by an IPRG

Since the Protective Order's entry, this Court has found IPRG liable for thousands of Clean Air Act violations during the liability period; presided over remedy discovery; ruled on the parties' cross-motions for partial summary judgment on remedy; and scheduled the fall 2019 remedy trial at which it will determine what penalties IPRG should pay and what steps (such as installation of new pollution-control equipment) it must take to ensure that its violations do not continue or recur. *See* Op. & Order, ECF No. 124; Op. & Order, ECF No. 235; Order, ECF No. 237; Pls.' Initial Pretrial Br., ECF No. 240 (arguing issues of penalty and injunctive relief that will be determined at trial). The case and the Edwards plant have also been mentioned in the press. Some of this Court's recent rulings have been reported in legal trade publications, Kyle Decl. ¶¶ 17-19 & Exs. RA-RC, and the *Journal Star* has run letters to the editor from IPRG's then-operations manager and a concerned citizen commenting on the plant's environmental performance, Kyle Decl. ¶¶ 20-21 & Exs. RD-RE. Today, the *Chicago Tribune Online* ran a letter to the editor that mentions the plant. Kyle Decl. ¶ 22 & Ex. RF.

In January, mindful of the progress of this case since the Protective Order was entered and the Seventh Circuit law on the importance of public access to court proceedings, Plaintiffs wrote to IPRG to ask for its agreement that the documents filed under seal to date may be unsealed and that no further filings be sealed. Kyle Decl. ¶ 23 & Ex. RG. Last month, having received no filing-specific response from IPRG, Plaintiffs sent IPRG a follow-up letter requesting that it identify "the specific discovery materials, deposition transcripts, or deposition exhibits (or parts thereof) that IPRG believes should remain under seal, [and] explain the legal basis for IPRG's view that those materials should continue to be withheld from the public." *Id.*

---

testifying expert on summary judgement remedy), 223 (motion to respond to IPRG's objection to consideration of expert reports on summary judgment on remedy).

¶¶ 24-25 & Ex. RI at 1-2. IPRG still has not identified any specific filings that it believes must remain under seal, let alone provided a particularized basis for maintaining them under seal. Kyle Decl. ¶ 26. Given the breadth of IPRG's confidentiality designations and the scope of issues for trial, the parties' submissions to the Court over the next few months are almost certain to include additional material designated "confidential" by IPRG. *Id*. ¶ 7.

## ARGUMENT

The First Amendment establishes a strong presumption that the records of cases of public importance be fully accessible to the public. Now that this case is nearing remedy trial on matters of public importance, it would be unwarranted and contrary to Seventh Circuit precedent for this Court to allow any part of the current docket to remain under seal, or to allow further sealed filings without a particularized showing that the contents are trade secrets, privileged information, or information required to be kept confidential by statute. IPRG has not made and cannot make this showing for any of the records that are presently sealed in this case. The Court should accordingly unseal the docket and condition any future sealing orders on the requisite particularized showing by the party that wishes to shield the material from public view.

**I.    The First Amendment and the Seventh Circuit's case law establish a strong presumption in favor of full public access to case records**

As a general rule, "the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). There is a "strong presumption toward public disclosure of court files and documents." *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 585 (N.D. Ill. 2004). The presumption is well-established and "of constitutional magnitude." *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984). It exists "to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to

4

understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013).

In matters of considerable public interest, "concealing the records disserves the values protected by the free-speech and free-press clauses of the First Amendment," and inhibits the public's ability to "monitor judicial performance adequately." *Jessup*, 277 F.3d at 928. The public has a right to investigate and seek to understand not only "the grounds and motivations" for a judge's decision, but also "why the case was brought (and fought), and what exactly was at stake in it," *Meuller v. Raemisch*, 740 F.3d 1128, 1135-36 (7th Cir. 2014), and this right is guaranteed by the First Amendment. *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998). Consistent with these general principles, the Local Rules provide for filings to be made under seal only in exceptional cases. *See* CDIL-LR 5.10(a)(2) ("The Court does not approve of the filing of documents under seal as a general matter.").

## II.    IPRG has not met and cannot meet its heavy burden of showing that the documents filed under seal to date must remain under seal because they contain trade secrets, privileged information, or information required to be kept confidential by statute

Because of the strong presumption that court records are public, the party seeking to keep such records out of the public's view carries the "heavy burden," *United States v. Dish Network, L.L.C.*, 943 F. Supp. 2d 891, 896 (C.D. Ill. 2013), of demonstrating that the documents in question contain "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), [or] information required by statute to be maintained in confidence."[3]

---

[3] The Illinois Trade Secrets Act defines a trade secret as information that "(1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." *In re Bank One Sec. Litig.*, 222 F.R.D. at 587-88 (citing 765 Ill. Comp. Stat. § 1065/2(d)). Older commercial information is less likely to qualify as trade-secret information. *See Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 2862859, at *3 (S.D. Ill. June 11, 2018) ("It would be disingenuous for defendants to contend that any of the matters contained in the

*Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545-46 (7th Cir. 2002); *In re Syngenta Actions*, 3:15-CV-01221-DRH, 2018 WL 309837, at *3 (S.D. Ill. Jan. 5, 2018); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999) ("[T]he law requires . . . good cause to seal any part of the record of a case."); *In re Bank One Sec. Litig.*, 222 F.R.D. at 588 ("When the party seeking confidentiality fails to meet its burdens, the court will unseal the contested material.").

To meet this burden, the party seeking to withhold the documents from the public record must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Syngenta Actions*, 2018 WL 309837, at *2 (internal quotation marks omitted). A "broad assertion" of "competitive injury" is insufficient. *Dish Network*, 943 F. Supp. 2d at 896. So is a showing that the record in question has been protected from public disclosure during the discovery process. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l*, 297 F.3d at 545. But absent a showing that they should remain under seal, materials that may "influence or underpin the judicial decision" must be "open to public inspection." *Id.*

---

confidential documents is a trade secret as most of these documents are well over a decade old."); *Marine Travelift, Inc. v. Marine Lift Sys., Inc.*, No. 10-C-1046, 2014 WL 631669, at *1 (E.D. Wis. Feb. 18, 2014) (ordering documents unsealed where party "has not attempted to show good cause to support its confidentiality designations," and the "documents appear[ed] to contain nothing more than general pricing information that is now almost three years old").

Information that, if disclosed, would cause an unwarranted invasion of *personal* privacy may also be sealed or otherwise withheld from publicly accessible court records in some circumstances. (This Court, for example, requires filers to confirm that they have redacted Social Security and taxpayer-identification numbers, birth dates, names of minor children, financial account numbers, and (in criminal cases) home addresses.) IPRG has not claimed and there is no indication that unsealing any of the documents at issue here would present any personal privacy concern. *See* Kyle Decl. ¶¶ 10-16 (describing the sealed filings at issue here) and *id.* ¶ 25 & Ex. RH (IPRG February 5, 2019 letter responding to Plaintiffs' proposal that documents maintained under seal in this case be unsealed).

IPRG has not met and cannot meet its burden to show that any of the documents that have been filed under seal to date should be maintained under seal.[4] There is no indication that any of the presently sealed documents contain trade secrets, privileged information, or information required to be kept confidential by statute. Kyle Decl. ¶¶ 10-16 (summarizing the documents by type and general subject matter). Many of the sealed documents present expert opinions and facts that are likely to be discussed by witnesses or otherwise presented to the Court at the fall trial. The sealed documents include, for example, excerpts from the reports and depositions of both IPRG's and Plaintiffs' testifying experts on remedy, *id.* ¶¶ 10-11; sworn testimony by IPRG and personnel IPRG has identified as particularly knowledgeable about Edwards's operations with respect to opacity and particulate matter pollution, *id.* ¶ 12; and records generated as part of the regular operation and management of Edwards, *id.* ¶¶ 13-16. Many of these documents bear on IPRG's Clean Air Act compliance history and new options for controlling opacity and particulate matter pollution at Edwards and are very likely to be germane to the Court's ultimate remedy decision. *See id.* ¶¶ 12-16; *see also* Pls.' Initial Pretrial Br., ECF No. 240 (discussing the penalty factors and injunctive relief test).

---

[4] IPRG's boilerplate claims that some of the documents filed under seal to date "contain sensitive and proprietary confidential business information," *see, e.g.*, Def.'s Mot. for Leave to File Docs. Under Seal, ECF No. 201, ¶ 2, do not suffice to keep them under seal for the same reasons IPRG's blanket "confidential" designations under the Protective Order do not. A "mere assertion" that a document is confidential and that its publication "could harm [a party's] competitive position" is not enough to justify keeping the document under seal. *Jeffords v. BP Prod. N. Am. Inc.*, No. 2:15-CV-55-TLS-JEM, 2017 WL 6048886, at *1 (N.D. Ind. Dec. 6, 2017) (quoting *Baxter Int'l, Inc.*, 297 F.3d at 547); *see also In re Bank Sec. Litig.*, 222 F.R.D. at 588 ("Good cause does not permit 'stereotyped and conclusory statements.'") (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). Rather, the party seeking to maintain documents under seal must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc.*, 297 F.3d at 548 (applying the Seventh Circuit's rules).

Because all of the documents being maintained under seal at the time of this filing were also submitted in support of a motion that has been ruled on, *supra* 2 n.2, they are also particularly likely to have already "influenc[ed] or underpin[ned]" a judicial decision. *Baxter*, 297 F.3d at 545. Given the progress of this case, both the presently sealed documents and any that may be submitted for filing under seal moving forward also form part of the judicial record in a matter of considerable public and local importance. It would be contrary to the First Amendment and Seventh Circuit precedent to allow such documents to be withheld from public view, absent a particularized showing by the sealing proponent that they in fact contain trade secrets, privileged information, or information that is required to be kept confidential by statute.

## CONCLUSION

For the reasons above, Plaintiffs respectfully request a ruling that:

1.   All documents that have been filed under seal in this case to date will be unsealed; and

2.   Any further decisions by this Court to allow documents to be filed under seal will be conditioned on particularized showing by the sealing proponent that documents contain trade secrets, privileged information, or information that is required to be kept confidential by statute.

<div style="margin-left: 40%">

Respectfully submitted May 17, 2019,

s/ *Gonzalo E. Rodriguez*
Gonzalo E. Rodriguez (CA Bar No. 322913)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6110
grodriguez@nrdc.org

Ian Fisher (CO Bar No. 47858)
Selena Kyle (IL Bar No. 6311573)
20 North Wacker Drive, Suite 1600
Chicago, IL 60606

</div>

(312) 995-5903
ifisher@nrdc.org
(312) 651-7906
skyle@nrdc.org

Jackie Iwata (DC Bar No. 1047984)
Jared E. Knicley (DC Bar No. 1027257)
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 289-2377
jiwata@nrdc.orc
(202) 513-6242
jknicley@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council*

s/ *Gregory E. Wannier*
Gregory E. Wannier (CA Bar No. 275349)
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94110
(415) 977-5646
greg.wannier@sierraclub.org

*Counsel for Plaintiff Sierra Club*

s/ *Jeffrey Hammons*
Jeffrey Hammons (IL Bar No. 6324007)
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
jhammons@elpc.org

*Counsel for Plaintiffs Sierra Club and Respiratory Health Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2019, I caused the following to be served on all parties'

counsel via the Court's CM/ECF system:

**PLAINTIFFS' MOTION *IN LIMINE* TO UNSEAL THE FULL DOCKET AND
CONDITION FURTHER SEALED FILINGS ON A PARTICULARIZED SHOWING
THAT THE CONTENTS ARE TRADE SECRETS OR INFORMATION THAT IS
PRIVILEGED OR REQUIRED TO BE KEPT CONFIDENTIAL BY STATUTE**

**DECLARATION OF SELENA KYLE**

**EXHIBITS RA THROUGH RI**

s/ *Gonzalo Rodriguez*
Gonzalo Rodriguez