E-FILED
Friday, 17 May, 2019  08:29:36 PM
Clerk, U.S. District Court, ILCD

# Exhibit RG

# NRDC

1/4/2019

**By email and U.S certified mail to counsel for Defendant IPRG:**

Ann H. MacDonald, amacdonald@schiffhardin.com
Bina Joshi, bjoshi@schiffhardin.com
Barry Hyman, bhyman@schiffhardin.com
Francis Lyons, flyons@schiffhardin.com
Molly Wiltshire, mwiltshire@schiffhardin.com
233 South Wacker Drive
Suite 6600
Chicago, IL 60606

Andrew N. Sawula, asawula@schiffhardin.com
Schiff Hardin LLP
One Westminster Place
Lake Forest, IL 60045

Re:   **1:13-cv-01181,** *NRDC et al. v. IPRG*–**Full public access to Court filings and other submissions, the remedy trial, and future hearings**

Counsel,

    We are writing to ask IPRG to agree that documents produced in discovery and designated confidential by IPRG, and deposition transcripts and exhibits designated confidential by IPRG, may be unsealed if already filed with the Court under seal and need not be filed or otherwise submitted under seal moving forward. *See* Protective Order ¶ 16(a). We also request that IPRG agree not to attempt to exclude members of the public from any portion of the remedy trial or any future hearings in the case, including portions when materials IPRG has designated confidential are discussed. *See id.* ¶ 10. Now that this case is close to trial on matters of public interest, there is no "compelling justification" for any portion of the Court's docket to be sealed, or for the public to be excluded from any part of the trial or other hearings. *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

    As a general rule, "the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002); *Union Oil*, 220 F.3d at 568 ("What happens in the halls of government is presumptively public business."). There is a "strong presumption toward public disclosure of court files and documents." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 566 (7th Cir. 2018); *see also* Local R. 5.10(a)(2) ("The Court does not approve of the filing of

documents under seal as a general matter."). This presumption "is of constitutional magnitude," *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984), and enables "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties," *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). Denying the public access to any part of the March trial, or to any materials filed with or otherwise submitted to the Court, would undermine these principles.

It is IPRG's burden to overcome the presumption that court files and proceedings should be public, by showing good cause to block public access to any part of the trial or to materials filed with or submitted to the Court before, during, and/or after trial. *Heraeus Kulzer, GmbH*, 881 F.3d at 566-67; *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999); *United States v. Dish Network, L.L.C.*, 943 F. Supp. 2d 891, 894 (C.D. Ill. 2013); Protective Order ¶ 16(b) (assigning burden of proof in proceeding challenging confidentiality designation to party seeking to maintain confidentiality). Regardless of whether they are covered by a protective order, documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets," "information covered by a recognized privilege (such as the attorney-client privilege), [or] information required by statute to be maintained in confidence." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545-46 (7th Cir. 2002). To meet this "heavy burden," *Dish Network*, 943 F. Supp. 2d at 896, the party seeking to block public access must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," *In re Syngenta Actions*, No. 3:15-cv-01221-DRH, 2018 WL 309837, at *2 (S.D. Ill. Jan. 5, 2018) (internal quotation marks omitted). For instance, a "broad assertion" of "competitive injury" is insufficient. *Dish Network*, 943 F. Supp. 2d at 896; *see also Union Oil*, 220 F.3d at 567 ("Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."). IPRG cannot meet this burden.

IPRG has applied confidentiality designations liberally throughout discovery. Plaintiffs do not seek to override these designations for the copious amounts of discovery material that have not and will never be presented to the Court. But once material is put before the Court, whether in a filing or other written submission or during a hearing or trial, it becomes part of judicial proceedings, which are "public rather than private property." *Union Oil*, 220 F. 3d at 568.

Pursuant to paragraph 16(a) of the Protective Order, you must respond to this letter by **Friday, January 11** (five business days from now). In your response, please indicate whether

IPRG agrees that (1) discovery materials, deposition transcripts, and deposition exhibits already filed with the Court under seal may be unsealed; (2) that discovery materials, deposition transcripts, and deposition exhibits that IPRG has designated confidential need not be filed (or otherwise submitted to the Court) under seal going forward; and (3) that IPRG will not seek to exclude members of the public from any portion of the trial or upcoming hearings. Protective Order ¶ 16(a). To the extent that IPRG is not in full agreement, please identify in your response the specific discovery materials, deposition transcripts, or deposition exhibits (or parts thereof) that IPRG believes should remain confidential and explain the legal basis for IPRG's view that those materials should be withheld from the public. *Id.* ¶¶ 1, 16(a).

        Regards,

        _____
        Selena Kyle
        skyle@nrdc.org
        (312) 651-7906
        Counsel for Plaintiff NRDC

Cc (via email): Other counsel for Plaintiffs