E-FILED
Friday, 17 May, 2019  08:29:37 PM
Clerk, U.S. District Court, ILCD

# Exhibit RI

# NRDC

April 10, 2019

**By email to counsel for Defendant IPRG:**
Ann H. MacDonald, amacdonald@schiffhardin.com
Bina Joshi, bjoshi@schiffhardin.com
Barry Hyman, bhyman@schiffhardin.com
Francis Lyons, flyons@schiffhardin.com
Robert Middleton, rmiddleton@schiffhardin.com
Molly Wiltshire, mwiltshire@schiffhardin.com
Neil Lloyd, nlloyd@schiffhardin.com

**Re: *NRDC, et al. v. IPRG* – Plaintiffs' requests for stipulations concerning admissibility and authenticity of certain categories of documents, and full public access to Court filings and proceedings**

Dear Counsel:

On January 4, we wrote to you to request that IPRG agree to stipulate to the authenticity and admissibility of four categories of documents that Plaintiffs may offer into evidence at trial. On January 16, you stated that you "believe those topics are more effectively and efficiently addressed after the February 6 Status Conference," and sought additional clarification on one category of documents. We provided the clarification on a January 23 phone call with Ann and Bina, during which Ann indicated that it might be possible to avoid further disputes as to at least the authenticity of most of the categories referenced in our letter. We are still waiting for a written response that states whether or not IPRG can agree to stipulate to the authenticity and/or admissibility of each of listed category. If there are certain categories of documents as to which IPRG is unwilling to stipulate (as to either authenticity or admissibility), please provide the reasons for IPRG's unwillingness to do so in writing.

Also on January 4, we wrote to you to request that IPRG agree that certain documents, deposition transcripts, and exhibits, designated confidential by IPRG, may be unsealed if already filed with the Court under seal, and need not be filed or otherwise submitted under seal moving forward. On February 5, you stated that IPRG would "evaluate which exhibits were relied upon by the Court in this case in resolving dispositive motions and which may be unsealed by the agreement of the parties," and that subsequent to this review, "IPRG's counsel will follow this letter with its position on each such document, once it has an opportunity to review those documents with their clients." We are still waiting for IPRG's position on which, if any, of the documents, deposition transcripts, and exhibits filed with the Court under seal may be unsealed. If IPRG is not in full agreement that documents, deposition transcripts, and exhibits filed with

the Court may be unsealed, we ask that you please identify the specific discovery materials, deposition transcripts, or deposition exhibits (or parts thereof) that IPRG believes should remain under seal and explain the legal basis for IPRG's view that those materials should continue to be withheld from the public. We also note that the Court's February 12 Order similarly requires the party seeking to limit public access to the trial to affirmatively identify the need for such a restriction in a motion *in limine*.

We remain hopeful that the parties will be able to resolve these matters by stipulation. In light of the Court's May 17 deadline for motions *in limine*, we request IPRG's written position on the issues referenced in our January 4 letters by no later than **April 22**.

Sincerely,

_____
Selena Kyle
skyle@nrdc.org
(312) 651-7906
Counsel for Plaintiff NRDC

Cc (by email): Other counsel for Plaintiffs