IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.; RESPIRATORY HEALTH ASSOCIATION; and SIERRA CLUB, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ILLINOIS POWER RESOURCES GENERATING, LLC, <br><br>Defendant. | Case No. 13-cv-01181 <br>United States District Judge <br>Joe Billy McDade <br><br>Magistrate Judge <br>Thomas P. Schanzle-Haskins III |

**PLAINTIFFS' RESPONSE TO IPRG'S MOTION *IN LIMINE* NO. 3**

Plaintiffs do not oppose, in principle, Illinois Power Resources Generating's (IPRG) general request that this Court provide IPRG an opportunity to make a particularized showing justifying closing the courtroom to withhold parts of witness testimony or trial exhibits from public view.[1] Indeed, IPRG's request is consistent with Plaintiffs' request in one of their motions *in limine* that "[a]ny further decisions by this Court to allow documents to be filed under seal [must] be conditioned on [a] particularized showing by the sealing proponent that documents contain trade secrets, privileged information, or information that is required to be kept confidential by statute." *See* Pls. Mot. *in Limine* to Unseal, ECF No. 259, at 8.[2]

---

[1] On June 4, 2019, Plaintiffs wrote to IPRG to explore whether it would agree with the schedule and process for the resolution of courtroom closure claims presented here by Plaintiffs. Ex. UA at 1. As of the time of this filing, IPRG has not responded to Plaintiffs' schedule proposal. Rodriguez Decl. ¶ 3.

[2] To the extent that any documents IPRG may wish to withhold from the public during trial have already been filed under seal, Plaintiffs' motion to unseal explains—based on the same precedent IPRG cites in its motion—why those documents should no longer be withheld from the public.

IPRG's desire to withdraw any element of this trial from public view must, however, overcome the strong presumption favoring public access to judicial proceedings, *see Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002)—a presumption of "constitutional magnitude," *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984). This presumption is magnified here, as the case approaches a two-week remedy trial concerning matters of significant community and public interest: upholding the rule of law, protecting public health, and holding IPRG accountable for endangering public health and violating the Clean Air Act.

Consistent with this Court's scheduling order, *see* Order, ECF No. 237, at 3, any proposal from IPRG to close the courtroom and any decision by this Court about whether to close the courtroom should be made as soon as possible. Plaintiffs are concerned that if the issue is not resolved well in advance of trial, the prospect of even intermittent courtroom closures will chill public participation by making it harder for interested citizens (including but not limited to Plaintiffs' members and representatives of the press) to know in advance when they can show up at the courthouse and have the assurance of being let into the courtroom. Unfortunately, IPRG's motion *in limine* does not provide the information necessary to resolve the closure issue: it does not identify any of the documents IPRG thinks may be used at trial and withheld from the public, let alone provide the particularized reasons to withhold each document (or parts thereof). Plaintiffs therefore respectfully request that, in the event the Court is still inclined to entertain any requests to close the courtroom, it provide a schedule for (1) IPRG to disclose to Plaintiffs all parts of any witness testimony or trial exhibits it believes must be presented in a closed courtroom and the particularized reasons why, according to IPRG, those materials can be withheld from the public; and (2) the parties to brief any trial-access disputes in advance of the Final Pretrial Conference.

## ARGUMENT

The Constitution protects the public's right to access judicial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 599 (1980) (Stewart, J., concurring) ("[T]he First and Fourteenth Amendments clearly give the press and the public a right of access to trial themselves, civil as well as criminal."). A party seeking to keep any part of the judicial record out of the public's view bears the burden of showing that the documents or testimony in question contain "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), [or] information required by statute to be maintained in confidence." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545-46 (7th Cir 2002). In addition to infringing on constitutional rights, courtroom closures pose an array of practical problems. These include fragmenting the presentation of testimony and evidence, as only those specific parts of testimony or exhibits containing trade secrets, privileged information, or information required by statute to be maintained in confidence may be withheld from the public. *Cf. Jessup*, 277 F.3d at 929 (stating that judicial records are public "except insofar as particular provisions may be concealed in order to protect trade secrets or other compelling interests in secrecy"); *Citizens First Nat'l Bank v. Cincinnati Ins.*, 178 F.3d 943, 945 (7th Cir. 1999) ("[A] document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be redaction of portions of the document."). Closing the courtroom also imposes additional burdens on courthouse staff, and doing so could chill public participation in the parts of the trial that remain open by making it more difficult for people to know in advance when they can arrive at the courtroom and be sure of getting in.

The Court previously expressed its desire to "rule on th[ese] issue[s] well in advance of the trial," by ordering any party "wish[ing] to limit public access to the trial in whole or in part

. . . [to] submit a motion to that effect at the same time as all motions *in limine*." Order, ECF No. 237, at 3. Despite that instruction, IPRG has yet to identify any specific part of any testimony or document it wants to withhold from the public at trial, much less make the particularized showing necessary to justify any such limit on public access. Nor has IPRG provided any sense of the range of testimony or volume of evidence it seeks to withhold from the public.

Plaintiffs nonetheless recognize—as evidenced by IPRG's motion—that IPRG may want to identify certain witness testimony or exhibits it wants to shield from public view at trial later in the pretrial schedule. But IPRG has not proposed an actual process for presenting, substantiating, and resolving its possible closure claims. Plaintiffs propose the following process to ensure that, assuming the Court is willing to entertain any future claims by IPRG that the courtroom should be closed, those claims are made and adjudicated in an orderly and timely process well before trial.

**I.   IPRG should provide Plaintiffs with a list of all parts of any IPRG-designated witness testimony or trial exhibits that IPRG claims must be presented in a closed courtroom, and explain the basis for any such claims, by August 23, 2019**

IPRG asserts that it will be more efficient to wait until the parties exchange witness and trial exhibit lists before it identifies the topics and exhibits (or parts thereof) it wishes to shield from public access at trial. *See* Def.'s Mot. *in Limine* No. 3, ECF No. 254, at 3. Once IPRG knows whom it intends to call and what exhibits it plans to present at trial, however, its rationale for delay no longer applies. The parties will exchange their witness and exhibit lists on August 23, 2019. Order, ECF No. 237, at 4. The Court should accordingly require IPRG to disclose to Plaintiffs, by August 23, all parts of any IPRG-designated witness testimony or trial exhibits that IPRG wishes to present in a closed courtroom. The disclosure should include a particularized showing of why, according to IPRG, any such testimony or exhibits contain trade secrets,

4

information covered by a recognized privilege, or information required by statute to be maintained in confidence.

II. **IPRG should provide Plaintiffs with a list of all parts of any Plaintiff-designated witness testimony or trial exhibits that IPRG claims must be presented in a closed courtroom, and explain the basis for any such claims, by August 26, 2019**

Plaintiffs do not believe that any witness testimony or exhibits they will present at trial will contain trade secrets, information covered by a recognized privilege, or information required by statute to be maintained in confidence. Plaintiffs understand, however, that IPRG may dispute Plaintiffs' position and desire to close the courtroom to the public for some portion of the presentation of Plaintiff-designated witnesses or exhibits. IPRG will know Plaintiffs' witness and exhibit designations on August 23. Order, ECF No. 237, at 4. To prevent undue delay in resolving any additional closure claims IPRG wishes to make in response to Plaintiffs' designations, the Court should require IPRG to disclose to Plaintiffs, by August 26, all parts of any Plaintiff-designated witness testimony or trial exhibits that IPRG wishes to present in a closed courtroom. As with IPRG-designated testimony and exhibits, the required disclosure should include a particularized showing of why, according to IPRG, any such testimony or exhibits contain trade secrets, information covered by a recognized privilege, or information required by statute to be maintained in confidence.

III. **IPRG should file any motion seeking to close the courtroom during trial by August 30, 2019**

IPRG's disclosure to Plaintiffs of any witness testimony or exhibits it wants to withhold from the public at trial does not, of course, settle the matter. Ultimately, IPRG bears the "heavy burden," *cf. United States v. Dish Network, L.L.C.*, 943 F. Supp. 2d 891, 896 (C.D. Ill. 2013), of making a particularized showing to this Court that each portion of testimony or part of an exhibit that it believes should be presented in a closed courtroom contains trade secrets, information

5

covered by a recognized privilege, or information required by statute to be maintained in confidence, *see Baxter Int'l*, 297 F.3d at 545-46. The Court should require IPRG to file any motion seeking to limit public access to any portion of the trial by August 30, 2019. This deadline provides adequate time for the parties to seek to narrow any disputes following IPRG's disclosures to Plaintiffs, *see supra* 4-5, while also providing enough time for Plaintiffs to respond, as appropriate, to IPRG's motion well in advance of the Final Pretrial Conference.

**IV.  Plaintiffs' response, if any, to IPRG's motion should be due by September 4, 2019**

The Court should order Plaintiffs to respond to any IPRG motion to limit public trial access by September 4, 2019—the Pretrial Order deadline. Order, ECF No. 237, at 4. This will provide the Court adequate time to consider IPRG's motion and Plaintiffs' objections, if any, during the September 11, 2019, Final Pretrial Conference, as required by the Local Rules. *Id.*; *see* CDIL-LR 16.1(E)-(F).

## CONCLUSION

For the reasons above, Plaintiffs do not oppose IPRG's motion regarding trial confidentiality, but respectfully request the Court issue an order requiring that:

1. IRPG provide Plaintiffs with a list of all parts of any IPRG-designated witness testimony or trial exhibits that IPRG claims must be presented in a closed courtroom, and explain the basis for any such claims, by August 23, 2019. The required disclosure should include a particularized showing of why, according to IPRG, any such testimony or exhibits contain trade secrets, information covered by a recognized privilege, or information required by statute to be maintained in confidence.

2. IRPG provide Plaintiffs with a list of all parts of any Plaintiff-designated witness testimony or trial exhibits that IPRG claims must be presented in a closed courtroom, and explain the basis for any such claims, by August 26, 2019. The required disclosure should

      include a particularized showing of why, according to IPRG, any such testimony or exhibits contain trade secrets, information covered by a recognized privilege, or information required by statute to be maintained in confidence.

3. IPRG file any motion to limit public access to any portion of the trial by August 30, 2019. Any such motion must make a particularized showing, for each portion of testimony or part of exhibit covered, that any such testimony or exhibit contains trade secrets, information covered by a recognized privilege, or information required by statute to be maintained in confidence.

4. Plaintiffs shall respond to any motion to limit trial access by IPRG no later than September 4, 2019.

                                          Respectfully submitted June 7, 2019,

                                          s/ *Gonzalo E. Rodriguez*
                                          Gonzalo E. Rodriguez (CA Bar No. 322913)
                                          Natural Resources Defense Council
                                          111 Sutter Street, 21st Floor
                                          San Francisco, CA 94104
                                          (415) 875-6110
                                          grodriguez@nrdc.org

                                          Ian Fisher (CO Bar No. 47858)
                                          Selena Kyle (IL Bar No. 6311573)
                                          20 North Wacker Drive, Suite 1600
                                          Chicago, IL 60606
                                          (312) 995-5903
                                          ifisher@nrdc.org
                                          (312) 651-7906
                                          skyle@nrdc.org

                                          Jackie Iwata (DC Bar No. 1047984)
                                          Jared E. Knicley (DC Bar No. 1027257)
                                          1152 15th Street NW, Suite 300
                                          Washington, DC 20005
                                          (202) 289-2377

jiwata@nrdc.orc
(202) 513-6242
jknicley@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council*

s/ *Jeffrey Hammons*
Jeffrey Hammons (IL Bar No. 6324007)
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
jhammons@elpc.org

*Counsel for Plaintiffs Sierra Club and Respiratory Health Association*

CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2019, I caused the following to be served on all parties' counsel via the Court's CM/ECF system:

**PLAINTIFFS' RESPONSE TO IPRG'S MOTION *IN LIMINE* NO. 3**

**DECLARATION OF GONZALO E. RODRIGUEZ IN SUPPORT OF PLAINTIFFS' RESPONSE TO IPRG'S MOTION *IN LIMINE* NO. 3**

s/ *Gonzalo E. Rodriguez*
Gonzalo E. Rodriguez