IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, RESPIRATORY HEALTH ASSOCIATION, and SIERRA CLUB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS POWER RESOURCES GENERATING, LLC, <br><br> Defendant. | Case No. 13-cv-1181 <br> United States District Judge <br>   Joe Billy McDade <br> Magistrate Judge <br>   Thomas P. Schanzle-Haskins III |

**RESPONSE TO PLAINTIFFS'
MOTION *IN LIMINE* TO UNSEAL THE ENTIRE DOCKET**

Defendant Illinois Power Resources Generating, LLC respectfully submits this response to Plaintiffs' Motion *in limine* seeking an immediate unsealing of the entire record in this case (ECF #259). For the reasons set forth in IPRG's Motion *in limine* No. 3 concerning confidentiality at trial (ECF #254), Plaintiffs' blanket request to unseal the record should be denied. Instead, following the exchange of witness and exhibit list, and once the scope of the trial is finalized, the Court should permit the parties to raise whether any specific topics or exhibits should be properly precluded from public access because they contain confidential business information, Critical Energy Infrastructure Information, or non-party information for which there is good cause to maintain confidentiality.

Plaintiffs' counter-proposal — that the *entire* record be completely unsealed *before* exhibit lists and witness lists have been exchanged, and the scope of the trial and issues to be tried are finalized, is inconsistent with the procedures previously agreed to in the Protective Order (Doc. 52) (which Plaintiffs did not seek to invoke), does not focus on the scope of materials or evidence presented trial, and would impose an unnecessary burden on IPRG, forcing it to wade through the

*discovery and summary judgment record* concerning material that Plaintiffs may not have any interest in using at trial and in no way affects the disposition of the litigation. Plaintiffs' motion ultimately attempts to shift the burden under the Protective Order, which requires a party challenging the designation of Confidential Information to do so in good faith and by beginning a process in which it must explain the basis of its belief that the Confidential Information designation is not proper. (ECF #52 at 11.)

IPRG believes that the issue of unsealing documents in the record is more efficiently resolved after witness and exhibit lists are exchanged, and/or through the process negotiated in the Protective Order, which Plaintiffs thus far have not invoked. Additionally, Plaintiffs' motion overstates the scope of applicable case law, which focuses on documents affecting dispositive resolution of the litigation. *See In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("[d]ocuments that affect the *disposition of federal litigation* are presumptively open to public view," but even such documents may remain confidential if "a statute, rule, or privilege justifies confidentiality") (emphasis added); *see also, Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption") (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)); *City of Greenville, Ill. V. Syngenta Crop. Prot.*, LLC, 764 F.3d 695, 697 (7th Cir. 2014) ("District court judges need not release every document that has 'crept into the record.'") (emphasis added) (citing *Goesel*, 738 F.3d at 833). Whether a document affects the disposition of litigation also "turns on what the judge did, not what the parties filed." *City of Greenville*, 764 F. 3d at 697; *see also, SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 1310668, at *1 (N.D. Ill. Sept. 13, 2000) (holding that "Courts have consistently found routine

discovery motions to be 'non-dispositive'"); *see also Johnson v. Old World Craftsmen, Ltd.*, 638 F. Supp. 289, 291 (N.D. Ill. 1986) (noting that "motions concerning discovery" are "nondispositive"); *Toys "R" Us, Inc. v. NBD Tr. Co. of Illinois,* No. 88 C 10349, 1993 WL 375862, at *1 (N.D. Ill. Sept. 22, 1993) (noting that motions in limine are subject to review under a non-dispositive motion standard).

IPRG has no interest in unnecessarily keeping documents confidential. However, to the extent the Court believes it is appropriate to rule on Plaintiffs' motion at this time, it requests the opportunity to make a showing and request the maintenance of confidentiality of materials the court may unseal that contain trade secrets, CEII or non-party information for which there is good cause to maintain confidentiality. (ECF #254); *see also Goesel*, 738 F.3d at 833 (noting trade secret and other materials protected under the law may remain confidential); *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (same).[1]

As IPRG has made clear in its Motion in Limine No. 3, and as it has reiterated to Plaintiffs on several occasions, it is committed to an open and public trial. IPRG also believes that an efficient process that follows the exchange of witness and exhibit lists, rather than one that precedes that exchange, or that involves the parties following the procedure in the Protective Order that was negotiated and agreed to in this case, will most efficiently and effectively use party and court resources.

---

[1] As Plaintiffs' own descriptions demonstrate (see ECF #259-1), sealed documents include information such as plant technical data, budgeting, and business agreements that if disclosed could result in a competitive disadvantage for IPRG and that are maintained by the Company in confidence. *See, e.g.* 765 ILCS 1065/2(d) (listing a trade secret as including, among other items, technical or non-technical data, drawing, process, or financial data); *RKI, Inc. v. Grines*, 177 F. Supp. 2d 859, 874 (holding financial information contained in manufacturer's account management and finance databases constituted "trade secret").

## Conclusion

For the reasons discussed above, Defendant respectfully requests that the Court deny Plaintiffs' Motion *in limine* to unseal the entire record (ECF # 259).

Dated: June 7, 2019

Respectfully submitted,

/s/ *Barry Hyman*

| | |
|---|---|
| **HINSHAW & CULBERTSON LLP**<br>J. William Roberts<br>Charles R. Schmadeke<br>400 South Ninth Street, Suite 200<br>Springfield, IL 62701<br>Telephone: 217-528-7375<br>cschmadeke@hinshaw.law.com | **SCHIFF HARDIN LLP**<br>Barry Hyman<br>Francis X. Lyons<br>Bina Joshi<br>Ann H. MacDonald<br>Neil Lloyd<br>233 South Wacker Drive<br>Suite 7100<br>Chicago, IL 60606<br>Telephone: 312-258-5500<br>bhyman@schiffhardin.com<br>flyons@schiffhardin.com<br>bjoshi@schiffhardin.com<br>amacdonald@schiffhardin.com<br>nlloyd@schiffhardin.com<br>and<br>Andrew N. Sawula<br>Schiff Hardin LLP<br>One Westminster Place<br>Lake Forest, IL 60045<br>Telephone: 847-295-4336<br>asawula@schiffhardin.com |

*Counsel for Defendant*
*Illinois Power Resources Generating, LLC*

-5-

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 7, 2019, a copy of **Defendants' Response to Plaintiffs' Motion *in limine* to Unseal the Entire Docket** was electronically served upon all Counsel of Record using the CM/ECF system.

/s/      *Barry Hyman*